THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KISHA J.M. WATSON, Defendant-Appellant.

Fourth District    No. 4—99—1034

Opinion filed November 22, 2000.—Rehearing denied February 2, 2001.

Daniel D. Yuhas and Susan M. Wilham, both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

In November 1998, after defendant, Kisha Watson, pleaded guilty to one count of aggravated battery (720 ILCS 5/12—4(b)(6) (West 1998)), the trial court sentenced her to 24 months' probation and 90 days' periodic imprisonment and ordered her to pay a $200 fine. The trial court stayed the periodic imprisonment but subsequently ordered

defendant to serve it after a May 1999 hearing on the State's petition to issue an order directing her to commence serving her periodic imprisonment. In July 1999, the State filed a petition to revoke probation. The court found the allegations in the State's petition proved by a preponderance of the evidence and sentenced defendant to four years' imprisonment. On appeal, defendant argues that (1) the trial court erred when it ordered her to begin serving the 90 days' periodic imprisonment at a remission review hearing without counsel present; (2) the trial court exceeded the scope of the statutory scheme governing wage withholding orders when it ordered 50% of her monthly corrections income withheld and forwarded to the county clerk; and (3) she is entitled to a $320 credit against her fines pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/110—14 (West 1998)). We affirm in part, vacate in part, and remand with directions.

## I. BACKGROUND

On September 25, 1998, Officer Jeff Grawe (Grawe) apprehended defendant after learning of an outstanding warrant for her arrest. After Grawe took defendant into custody, she cursed at him and attempted to kick out the driver's side window of his squad car. Grawe took defendant to the Adams County jail, where she spat on three police officers. Defendant was charged with one count of resisting a police officer (720 ILCS 5/31—1 (West 1998)) and three counts of aggravated battery (720 ILCS 5/12—4(b)(6) (West 1998)). Defendant remained in custody until October 8, 1998, when she posted $300 bond.

Defendant pleaded guilty to one count of aggravated battery, and on February 11, 1999, the trial court sentenced her to 24 months' probation and 90 days' periodic imprisonment. The trial court stayed the written judgment of sentence on the periodic imprisonment pending "compliance," with remission reviews to be held every other month for the first nine months of her probation. Additionally, as conditions of her probation, the court ordered defendant, *inter alia*, not to consume alcohol, not to live in a place whose primary purpose is to serve alcohol or enter such an establishment, and to pay a $200 fine, a $20-per-month probation fee, and $10 to the local Crime Stoppers program.

The State subsequently filed a "petition to issue mittimus," alleging that defendant entered an establishment whose primary purpose is to serve alcohol in violation of the conditions of her probation. On May 13, 1999, defendant appeared in court without counsel and admitted the allegations in the State's petition. The court thereupon granted

the petition and ordered defendant to begin serving the originally imposed 90 days' periodic imprisonment. Defendant was released from the Adams County jail on June 1, 1999, due to a medical condition.

In July 1999, the State filed a petition to revoke probation alleging that defendant was observed inside a tavern. Defendant was arrested on September 7, 1999, due to her failure to appear at her probation revocation hearing, and she remained in custody until October 6, 1999. The trial court revoked defendant's probation on September 30, 1999, and sentenced her on December 16, 1999, to four years' imprisonment with credit for 64 days served. In addition, the court ordered defendant's prior fines to continue and ordered the Department of Corrections (DOC) to withhold 50% of defendant's monthly corrections income and remit that amount to the Adams County circuit clerk for payment of "amounts due." This appeal followed.

## II. ANALYSIS

■ Defendant first argues that the trial court denied her due process right to counsel at the May 13, 1999, hearing at which the court issued the order directing her to commence serving the 90-day periodic jail sentence. Defendant, however, did not appeal her original sentence, which included the probation, periodic jail sentence, a stay of that sentence, and the subsequent issuance of a written order directing her to begin serving the jail time. Defendant appeals now from the revocation of her probation, after which the trial court instituted a new sentence. See 730 ILCS 5/5—6—4(e) (West 1998). The original sentence of February 11, 1999, was a final order and was appealable within 30 days of its entry under Illinois Supreme Court Rules 604(d) and 606(b) (145 Ill. 2d R. 604(b); 134 Ill. 2d R. 606(b)). Defendant forfeited this issue.

■ Defendant next argues that the trial court exceeded the scope of the statutory scheme governing wage withholding orders when it ordered 50% of her monthly corrections income withheld and forwarded to the circuit clerk. The State argues that defendant waived any objection to this issue because she failed to file a posttrial motion. When a court enters an order that it lacks the inherent power to enter, the order is void and may be attacked at any time. *Bank of Matteson v. Brown*, 283 Ill. App. 3d 599, 606, 669 N.E.2d 1351, 1355 (1996).

■ We have searched that part of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—9—1 through 5—9—4 (West 1998)) authorizing the imposition of a fine and have found no authority for trial courts to direct that DOC wages be withheld. Section 5—9—4 of the Unified Code (730 ILCS 5/5—9—4 (West 1998)) authorizes a court to enter a withholding order to collect the amount of a fine imposed on

a defendant in accordance with part 8 of article XII of the Code of Civil Procedure (735 ILCS 5/12—801 through 12—819 (West 1998)). The relevant sections of the Code of Civil Procedure do not authorize the withholding of DOC wages. Thus, the trial court exceeded its lawful statutory authority. Accordingly, we vacate the trial court's order.

■ Finally, defendant contends that she should be credited with a reduction in her $200 fine due to the time she served in jail prior to her commitment to DOC on December 16, 1999. She claims that she is entitled to a $5-per-day credit for 64 days. The State agrees that defendant is entitled to some credit, but disputes defendant's contention that she should be credited for 64 days. The State argues that defendant is only entitled to 14 days of credit.

Defendant acknowledges that she did not request the credit at the time of her sentencing and is requesting it for the first time on appeal. The State concedes that defendant may apply for the credit for the first time on appeal. The Supreme Court of Illinois in *People v. Woodard*, 175 Ill. 2d 435, 457, 677 N.E.2d 935, 945-46 (1997), held that the *per diem* credit of section 110—14 is conferred in mandatory terms subject to defendant's application for it. Therefore, the "normal rules" of waiver do not apply.

The court first imposed a $200 fine when it sentenced defendant to probation and periodic imprisonment on February 11, 1999. In sentencing on revocation of defendant's probation, the court ordered the $200 fine to continue. Section 110—14 of the Procedure Code provides in relevant part:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine." 725 ILCS 5/110—14 (West 1998).

Defendant is entitled to $5 *per diem* credit against her fine for the time spent incarcerated from September 25, 1998, to October 8, 1998, because, during this time, she was incarcerated on a bailable offense. Defendant was also incarcerated from May 13, 1999, through June 1, 1999, after the court issued the commitment order directing defendant to begin serving her previous sentence of 90 days' periodic imprisonment. Defendant is not, however, entitled to credit for this time since it was served as an incident of probation rather than incarceration on a bailable offense as required by section 110—14 of the Procedure Code. See *People v. Keck*, 226 Ill. App. 3d 937, 939, 590 N.E.2d 529, 531 (1992); *People v. Leggans*, 140 Ill. App. 3d 268, 272, 488 N.E.2d 614, 616 (1986). Finally, defendant is entitled to credit for time served

from September 7, 1999, to October 6, 1999. At this time, defendant was incarcerated due to her failure to appear for a probation revocation hearing. Sentencing upon revocation of probation is sentencing upon a conviction and is within the purview of section 110—14 of the Procedure Code. *Leggans*, 140 Ill. App. 3d at 271-72, 488 N.E.2d at 616. Upon revocation of defendant's probation, the court ordered the $200 fine to continue. As such, defendant is entitled to credit for any time served up until the sentence and fine are imposed. See *People v. Smith*, 258 Ill. App. 3d 261, 270, 630 N.E.2d 147, 153 (1994). Defendant should have received credit for 44 days served for a total of $220. However, section 110—14 of the Procedure Code provides that the credit shall not exceed the amount of the fine. Accordingly, defendant is entitled to a full credit against her $200 fine.

### III. CONCLUSION

For the foregoing reasons, we affirm defendant's conviction and sentence, vacate the trial court's order withholding 50% of defendant's monthly corrections income, and remand to the trial court for the purpose of amending the written order of judgment and sentence to reflect that defendant's fine has been satisfied.

Affirmed in part and vacated in part; cause remanded with directions.

STEIGMANN, P.J., and MYERSCOUGH, J., concur.