THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID W. SCOTT, Defendant-Appellant.

Fourth District   Nos. 4—00—0436, 4—00—0888 cons.

Opinion filed September 21, 2001.

MYERSCOUGH, J., specially concurring in part and dissenting in part.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In February 2000, a jury found defendant, David W. Scott, guilty of delivery of a controlled substance (720 ILCS 570/401(d) (West 1998)). In April 2000, the trial court sentenced him to 7½ years in prison and ordered him to pay various fines and costs totaling $1,200. After crediting defendant $5 per day for the 180 days he spent in presentencing incarceration, $300 remained unpaid. The court thus ordered the Department of Corrections (DOC) to withhold 50% of defendant's DOC wages and remit those funds to the Adams County circuit clerk to be applied toward the amounts due in fines and costs.

Defendant appeals, arguing only that the trial court lacked the authority to order that his DOC wages be withheld and remitted to the circuit clerk. The State concedes that the court lacked the authority to enter such an order, and we accept the State's concession.

In *People v. Watson*, 318 Ill. App. 3d 140, 142-43, 743 N.E.2d 147, 149 (2000), this court held that no authority exists for a trial court to direct that DOC withhold wages earned while a defendant is impris-

oned. See also *People v. Williamson*, 319 Ill. App. 3d 891, 900, 747 N.E.2d 26, 34 (2001) (reaffirming our decision in *Watson*). We adhere to *Watson* and *Williamson*.

Accordingly, we affirm defendant's conviction and sentence, vacate that portion of the trial court's sentencing order directing DOC to withhold 50% of defendant's DOC wages, and remand with directions to modify the written judgment of sentence as stated.

Affirmed in part, vacated in part, and remanded with directions.

KNECHT, J., concurs.

JUSTICE MYERSCOUGH, specially concurring in part and dissenting in part:

I concur with the majority in affirming the conviction and sentence; however, I respectfully dissent in part. I do not agree that the trial court acted beyond its authority in ordering withholding.

I have previously agreed that the trial court has no authority to enter deduction orders on DOC wages to pay fines. *Williamson*, 319 Ill. App. 3d at 900, 747 N.E.2d at 34; *Watson*, 318 Ill. App. 3d at 142-43, 743 N.E.2d at 149; *People v. Mallory*, No. 4—00—0501 (April 16, 2001) (unpublished order under Supreme Court Rule 23). Upon further reflection, I conclude that the trial court does have that authority. The Unified Code of Corrections authorizes use of wage-deduction orders to collect fines.

> "Order of Withholding. The court may enter an order of withholding to collect the amount of a fine imposed on an offender in accordance with [p]art 8 of [a]rticle XII of the Code of Civil Procedure." 730 ILCS 5/5—9—4 (West 2000).

The fines must be collected as provided in section 12—801 of the Code of Civil Procedure:

> "§ 12—801. Definitions. As used in [p]art 8 of [a]rticle XII of this [a]ct:
>
> 'Deduction order' means an order entered pursuant to [s]ection 12—811 of this [a]ct.
>
> 'Employer' means the person named as employer in the affidavit filed under [s]ection 12—805.
>
> 'Federal agency employer' means an agency of the federal government as defined in 5 [U.S.C. § ]5520a(a)(1), as amended from time to time.
>
> 'Judgment creditor' means the recipient of any judgment, except a judgment by confession which has not been confirmed as provided in [p]art 8 of [a]rticle XII of this [a]ct.

'Judgment debtor' means a person against whom a judgment has been obtained.

'Wages' means any hourly pay, salaries, commissions, bonuses, or other compensation owed by an employer to a judgment debtor." 735 ILCS 5/12—801 (West 2000).

DOC wages *are* wages. DOC *is* the inmates' employer. Inmates' wages are also subject to child support withholding orders, civil judgments, and court orders to pay filing fees for leave to proceed *in forma pauperis*.

Why should the victims, the State, and the police agencies be shortchanged when the money is available for collection and, further, only 15% of the wages can be withheld? However, I do note that in this case, the court ordered *50%* of the DOC wages withheld. This is contrary to the wage-deduction statute, which limits deduction, in essence, to a maximum of 15% of wages if the withholding procedure is complied with. Moreover, it also appears from the record the withholding procedure set forth in the wage-deduction statute was not followed here.

We should, therefore, remand for compliance with the withholding procedures set forth in the Code of Civil Procedure. We should allow the trial court to issue withholding orders but only for the statutory amount up to 15%, not the 50% ordered in this case, if withheld in compliance with the wage-deduction statute. For these reasons, I respectfully dissent in part.