THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE L. MANCILLA, Defendant-Appellant.

Second District   No. 2—01—0067

Opinion filed June 11, 2002.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Douglas P. Floski, State's Attorney, of Oregon (Martin P. Moltz and Peggy F.J. Bradford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GROMETER delivered the opinion of the court:

Defendant, Joe L. Mancilla, entered a blind guilty plea to the unlawful possession, with the intent to deliver, of more than 1 but less

than 15 grams of a substance containing cocaine (720 ILCS 570/ 401(c)(2) (West 1998)). The trial court sentenced defendant to five years' imprisonment and imposed, among other things, a $1,450 fine and a $7,000 street-value fine. To facilitate the payment of the fines, the court ordered the Department of Corrections (DOC) to withhold 25% of defendant's monthly corrections income and remit that amount to the circuit court clerk. On appeal, defendant argues that (1) the withholding order is void because no statute allows it and (2) he is entitled to a $15 credit against his fines for the three days he spent in jail before sentencing. We vacate the withholding order and modify the judgment to reflect a $15 credit against the fines.

■ The State argues that defendant has waived his challenge to the withholding order because he did not raise it in the trial court. Ordinarily, a sentencing issue not raised during the sentencing hearing or in a postsentencing motion is waived. *People v. Watkins*, 325 Ill. App. 3d 13, 17 (2001). Here, however, defendant challenges the trial court's statutory authority to enter the withholding order. A sentencing order that does not conform to statutory requirements is void and may be attacked at any time. *People v. Arna*, 168 Ill. 2d 107, 113 (1995); *People v. Davis*, 319 Ill. App. 3d 572, 578 (2001). Therefore, we will address defendant's contention.

Defendant claims that there is no statute that authorizes a withholding order directed against DOC wages. Although we agree that the withholding order must be vacated, we do so for a different reason.

■ Section 5—9—4 of the Unified Code of Corrections (Corrections Code) provides that "[t]he court may enter an order of withholding to collect the amount of a fine imposed on an offender in accordance with Part 8 of Article XII of the Code of Civil Procedure [735 ILCS 5/12— 801 *et seq.* (West 2000)]." 730 ILCS 5/5—9—4 (West 2000). Defendant relies on the Fourth District's decision in *People v. Watson*, 318 Ill. App. 3d 140 (2000). There, the court held that "[t]he relevant sections of the Code of Civil Procedure do not authorize the withholding of DOC wages." *Watson*, 318 Ill. App. 3d at 143. The Fourth District followed *Watson* in *People v. Calvert*, 326 Ill. App. 3d 414, 426 (2001), *People v. Scott*, 324 Ill. App. 3d 641, 641-42 (2001), and *People v. Williamson*, 319 Ill. App. 3d 891, 900 (2001). The Fifth District has followed *Watson*. *People v. Torres*, 327 Ill. App. 3d 1106, 1115 (2002).

•3 We disagree with *Watson* and the decisions following it. A review of the Code of Civil Procedure and the Corrections Code leads us to conclude that the legislature did not intend to exclude DOC wages from withholding orders. When construing a statute, a court's primary objective is to ascertain and give effect to the legislature's

intent. *People v. O'Brien*, 197 Ill. 2d 88, 90 (2001). Our inquiry always must begin with the language of the statute, which is the most reliable indicator of legislative intent. *People v. Pullen*, 192 Ill. 2d 36, 42 (2000). Where a statute is unambiguous, a court must give it effect as written without reading into it exceptions, limitations, or conditions that the legislature did not express. *People v. Rivera*, 198 Ill. 2d 364, 371 (2001).

■ Article XII, Part 8, of the Code of Civil Procedure governs the procedure by which a judgment creditor may obtain a wage deduction order against a judgment debtor's employer. Section 12—801 defines "wages" as "any hourly pay, salaries, commissions, bonuses, or other compensation owed by an employer to a judgment debtor." 735 ILCS 5/12—801 (West 2000). Although the relevant Code of Civil Procedure provisions do not mention DOC wages, the Corrections Code contemplates an employment situation, and the DOC wages are compensation for work performed.

■ Chapter III, Article 12, of the Corrections Code governs correctional employment programs. Section 3—12—1 provides that the DOC "shall, in so far as possible, employ at useful work committed persons confined in institutions and facilities of the [DOC], who are over the age of compulsory school attendance, physically capable of such employment, and not otherwise occupied in programs of the Department." 730 ILCS 5/3—12—1 (West 2000). Section 3—12—2(a) prescribes the types of employment the DOC may establish. 730 ILCS 5/3—12—2(a) (West 2000).

Section 3—12—5 establishes the compensation for such work:

> "Persons performing a work assignment under subsection (a) of Section 3—12—2 may receive wages under rules and regulations of the [DOC]. *** Of the compensation earned pursuant to this Section, a portion, as determined by the [DOC], shall be used to offset the cost of the committed person's incarceration. *** All other wages shall be deposited in the individual's account under rules and regulations of the [DOC]." 730 ILCS 5/3—12—5 (West 2000).

■ We see nothing in the relevant statutory schemes indicating that the legislature intended to exclude DOC wages from the scope of section 5—9—4 of the Corrections Code. The legislature has established the types of income exempt from deduction orders, and DOC wages are not included. See 735 ILCS 5/12—804 (West 2000). The Corrections Code contemplates an employment situation and the payment of wages as defined in section 12—801 of the Code of Civil Procedure. We note that the author of *Williamson* has reconsidered her position and now believes that DOC wages fall within section 12—801's definition of "wages." *Scott*, 324 Ill. App. 3d at 642-43 (Myers-

cough, J., specially concurring in part and dissenting in part). For these reasons, we reject defendant's argument.

Although we have concluded that section 5—9—4 applies to DOC wages, we nevertheless must vacate the withholding order here because the statutory procedure for obtaining such an order was not followed. The Code of Civil Procedure provides for the issuance of a summons against the employer (735 ILCS 5/12—805 (West 2000)), the consideration of offsetting and adverse claims (735 ILCS 5/12—809, 810 (West 2000)), and a trial conducted as in other civil cases (735 ILCS 5/12—811(c) (West 2000)). Here, there was no procedure that resulted in the withholding order. The issue was not even discussed during the sentencing hearing, and it appears that the withholding order merely was a part of a standard sentencing form.

We acknowledge that DOC wages present a unique situation. For example, the judgment creditor and the employer are the same entity. Nevertheless, absent the parties' agreement on the issue, compliance with the statutory procedure is required to ensure that all claims against a defendant's wages receive due consideration. Because no wage deduction proceeding under the Code of Civil Procedure was conducted here, the withholding order was void. *Davis*, 319 Ill. App. 3d at 578-79.

An additional problem here is that the amount of the withholding, 25% of defendant's DOC wages, appears to exceed the amount authorized under section 12—803 of the Code of Civil Procedure. That provision states that the maximum wages subject to collection are the lesser of (1) 15% of the debtor's gross weekly wages or (2) the amount by which the disposable earnings for a week exceed 45 times the federal minimum hourly wage. 735 ILCS 5/12—803 (West 2000). Thus, it appears that the 25% withholding order exceeds the permitted amount. See *Davis*, 319 Ill. App. 3d at 578 (50% withholding order); *People v. Despenza*, 318 Ill. App. 3d 1155, 1157 (2001) (same).

■ Defendant's second contention on appeal is that he is entitled to a $15 credit against his fines because he spent three days in jail before sentencing. The State agrees. The record reveals that defendant was arrested on March 12, 1998, and posted bond on March 14. Defendant is entitled to a $5 credit against his fines for each day he was incarcerated before sentencing. 725 ILCS 5/110—14 (West 2000); *People v. Gonzalez*, 316 Ill. App. 3d 354, 366 (2000).

For the foregoing reasons, we affirm defendant's conviction and prison sentence but vacate the withholding order and modify the judg-

40

ment of the circuit court of Ogle County to reflect a $15 credit against defendant's fines.

Affirmed in part as modified; vacated in part.

McLAREN and BOWMAN, JJ., concur.