# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Millsap*, 2012 IL App (4th) 110668

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ADAM J. MILLSAP, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0668 |
| Filed | November 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for two counts of aggravated battery were remanded for vacation of one of the convictions under the one-act, one-crime rule after the trial court determines which conviction is less serious, as well as for modification of the assessments imposed. |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No. 10-CF-261; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| Judgment | Affirmed in part as modified; cause remanded with directions. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Janieen R. Tarrance, all of State Appellate Defender's Office, of Springfield, for appellant. |
| | Thomas J. Brown, State's Attorney, of Pontiac (Patrick Delfino, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE COOK delivered the judgment of the court, with opinion. Presiding Justice Turner and Justice Steigmann concurred in the judgment and opinion. |

## OPINION

¶ 1    On October 8, 2010, defendant, Adam J. Millsap, was charged in a three-count information with aggravated battery. After a bench trial, he was convicted of two counts of aggravated battery (720 ILCS 5/12-4(a), (b)(8) (West 2010)) and sentenced to serve concurrent terms of four years in the Illinois Department of Corrections. The trial court also ordered defendant to pay various assessments including a Violent Crime Victims Assistance Fund (VCVA) assessment (725 ILCS 240/10(b) (West 2010)) and a Children's Advocacy Center (CAC) assessment (55 ILCS 5/5-1101(f-5) (West 2010)).

¶ 2    On appeal, defendant argues that (1) under the one-act, one-crime rule, one of his convictions for aggravated battery must be vacated; (2) the $40 CAC assessment should be reduced; and (3) the $25 VCVA assessment should be reduced to $4. We affirm as modified and remand with directions.

¶ 3                    I. BACKGROUND

¶ 4    On the evening of October 6, 2010, there was a pickup football game at the practice field across from the Pontiac Township High School in Pontiac, Illinois. At the end of the game, the victim and Devon Millsap, defendant's brother, began fighting. According to Stefanie Johnson, who witnessed the incident, defendant stated to his brother during the fight: "Knock him out. If you don't take care of him, I will." She further testified that after the fight between the victim and Devon ended, the victim turned around and defendant punched him in the jaw. The victim then fell to the ground and began bleeding from the mouth. Soon thereafter, the victim was taken to the emergency room and treated for a broken jaw.

¶ 5    On October 8, 2010, defendant was charged in a three-count information with aggravated battery. In count I, defendant was charged with knowingly causing bodily harm to the victim in that he "struck [the victim], on or about a public place at Pontiac Township High School,

\*\*\* in violation of 720 ILCS 5/12-4(b)(8), a Class 3 Felony." In count II, defendant was charged with knowingly making physical contact of an insulting or provoking nature with the victim in that he "struck [the victim], on or about a public place at Pontiac Township High School, \*\*\* in violation of 720 ILCS 5/12-4(b)(8), a Class 3 Felony." In count III, defendant was charged with knowingly causing great bodily harm to the victim in that he "knowingly struck [the victim] and broke his jaw, on or about a public place at Pontiac Township High School, \*\*\* in violation of 720 ILCS 5/12-4(a), a Class 3 Felony."

¶ 6    On December 20, 2010, defendant waived his right to a jury trial.

¶ 7    On February 7, 2011, a bench trial was held. After hearing testimony from two witnesses, the trial was continued to March 15, 2011.

¶ 8    On March 15, 2011, the trial resumed. After hearing evidence and argument, the trial court found defendant guilty of aggravated battery and scheduled a sentencing hearing for May 2, 2011.

¶ 9    On March 23, 2011, defendant filed a motion for a new trial.

¶ 10    On May 2, 2011, the trial court denied defendant's motion for a new trial and continued the sentencing hearing to June 6, 2011.

¶ 11    At the sentencing hearing on June 6, 2011, the trial court sentenced defendant on counts I and III of the information, with count II merging with count I, to concurrent terms of four years in the Illinois Department of Corrections. The court also gave defendant 243 days' credit for time served from October 7, 2010, to June 6, 2011. Last, the court ordered defendant to pay court costs, a VCVA assessment, and a $40 CAC assessment on the two counts of aggravated battery. The circuit clerk's fees and fines information contained in the supplemental record indicates that defendant was assessed, among others, a $25 VCVA assessment and a $5 State Police operations assistance assessment.

¶ 12    On June 9, 2011, defendant filed a motion for reconsideration, alleging that the sentence imposed was unduly harsh and punitive under the circumstances presented. The trial court denied the motion.

¶ 13    This appeal followed.


¶ 14                                II. ANALYSIS

¶ 15    On appeal, defendant argues that (1) under the one-act, one-crime rule, one of his convictions for aggravated battery must be vacated; (2) the $40 CAC assessment should be reduced; and (3) the $25 VCVA assessment should be reduced to $4.


¶ 16                        A. One-Act, One-Crime Rule

¶ 17    Defendant acknowledges that he failed to preserve for appeal the issue of whether the one-act, one-crime rule was violated because he did not raise the issue before the trial court. However, in *People v. Harvey*, 211 Ill. 2d 368, 389, 813 N.E.2d 181, 194 (2004), the Illinois Supreme Court determined that a violation of the one-act, one-crime rule affects the integrity of the judicial process, thereby satisfying the second prong of the plain-error analysis. We review *de novo* the issue of whether there was a violation of the one-act, one-crime rule.

*People v. Johnson*, 368 Ill. App. 3d 1146, 1163, 859 N.E.2d 290, 305 (2006).

¶ 18    The one-act, one-crime rule prohibits multiple convictions when the convictions are based on precisely the same physical act. *People v. Miller*, 238 Ill. 2d 161, 165, 938 N.E.2d 498, 501 (2010). If the same physical act forms the basis for two separate offenses charged, a defendant could be prosecuted for each offense, but only one conviction and sentence may be imposed. *People v. Segara*, 126 Ill. 2d 70, 76-77, 533 N.E.2d 802, 805 (1988). However, if guilty verdicts are obtained for multiple counts arising from the same act, then a sentence should be imposed on the most serious offense. See *People v. Donaldson*, 91 Ill. 2d 164, 170, 435 N.E.2d 477, 479-80 (1982). In *In re Samantha V.*, 234 Ill. 2d 359, 379, 917 N.E.2d 487, 500 (2009), the Illinois Supreme Court held that to determine the most serious offense, a reviewing court should "consider the plain language of the statutes, as common sense dictates that the legislature would prescribe greater punishment for the offense it deems the more serious. [Citations.]" The supreme court further held that if the punishments are identical, then the reviewing court must determine which offense has the more culpable mental state. *Samantha V.*, 234 Ill. 2d at 379, 917 N.E.2d at 500.

¶ 19    The State concedes that one of defendant's convictions for aggravated battery should be vacated because both convictions were premised upon the same physical act. We agree. Both counts I and III of the information are based upon defendant striking the victim once in the face. Count I alleges that defendant knowingly caused bodily harm to the victim in that he "struck [the victim], on or about a public place." Count III alleges that defendant knowingly caused great bodily harm to the victim in that he "struck [the victim] and broke his jaw, on or about a public place."

¶ 20    Next, we must determine which of the two offenses is more serious. In *Samantha V.*, the supreme court remanded to the trial court the determination as to whether aggravated battery on a public way or aggravated battery that causes great bodily harm is the more serious offense. *Samantha V.*, 234 Ill. 2d at 379-80, 917 N.E.2d at 500. The supreme court found that the more serious offense could not be determined because the punishment and mental state requirement for aggravated battery on a public way and aggravated battery that causes great bodily harm are identical. See *Samantha V.*, 234 Ill. 2d at 379, 917 N.E.2d at 500 (aggravated battery on a public way and aggravated battery that causes great bodily harm are both Class 3 felonies that require that the accused acted intentionally and knowingly). In accordance with the supreme court's decision in *Samantha V.*, we remand the matter to the trial court to determine the less serious offense, and order that conviction vacated.

¶ 21                                    B. CAC Assessment

¶ 22    Defendant failed to preserve for appeal the issue of whether the CAC assessment should be reduced; however, a sentence that does not conform to a statutory requirement is void and may be attacked at any time. See *People v. Thompson*, 209 Ill. 2d 19, 24-25, 805 N.E.2d 1200, 1203 (2004).

¶ 23    "The propriety of court-ordered fines and fees presents a question of statutory interpretation, which we review *de novo*. [Citation.]" *People v. Elcock*, 396 Ill. App. 3d 524, 538, 919 N.E.2d 984, 995 (2009).

-4-

¶ 24     Under section 5-1101(f-5) of the Counties Code, the maximum CAC fee that may be imposed is $30. See 55 ILCS 5/5-1101(f-5) (West 2010). Section 5-1101(f-5) of the Counties Code provides, in relevant part, as follows:

> "In each county in which a Children's Advocacy Center provides services, the county board may adopt a mandatory fee of between $5 and $30 to be paid by the defendant on a judgment of guilty or a grant of supervision under Section 5-9-1 of the Unified Code of Corrections for a felony; for a Class A, Class B, or Class C misdemeanor; for a petty offense; and for a business offense." 55 ILCS 5/5-1101(f-5) (West 2010).

The $40 CAC assessment imposed on defendant for the two counts of aggravated battery exceeds the statutory maximum. Accordingly, we remand the matter to the trial court to determine the fine associated with the less serious offense and order that fine vacated.

¶ 25                                C. VCVA Assessment

¶ 26     Defendant failed to preserve for appeal the issue of whether the VCVA assessment should be reduced; however, a sentence that does not conform to a statutory requirement is void and may be attacked at any time. See *Thompson*, 209 Ill. 2d at 24-25, 805 N.E.2d at 1203.

¶ 27     "The propriety of court-ordered fines and fees presents a question of statutory interpretation, which we review *de novo*. [Citation.]" *Elcock*, 396 Ill. App. 3d at 538, 919 N.E.2d at 995.

¶ 28     Defendant argues the $25 VCVA assessment should be reduced to $4 because the CAC fee and State Police operations assistance fee are actually fines. The State concedes that the VCVA assessment should be reduced.

¶ 29     Under section 10(c)(1) of the Violent Crime Victims Assistance Act, a $25 VCVA assessment is to be imposed only if the defendant is convicted of a qualifying felony and no other fine is imposed. See 725 ILCS 240/10(c)(1) (West 2010). If another fine is imposed, then, under section 10(b) of the Violent Crime Victims Assistance Act (725 ILCS 240/10(b) (West 2010)), defendant is subject to "an additional penalty of $4 for each $40, or fraction thereof, of fine imposed."

¶ 30     Notwithstanding the statutory label of fee, the CAC fee is actually a fine. *People v. Jones*, 397 Ill. App. 3d 651, 660, 921 N.E.2d 768, 775 (2009). As the First District pointed out in *Jones*, the CAC fee is a fine because the charge is mandatory for a convicted defendant and does not reimburse the State for money it expended in prosecuting the defendant. *Jones*, 397 Ill. App. 3d at 660, 921 N.E.2d at 775.

¶ 31     Despite its statutory label, the State Police operations assistance fee is also a fine. Under section 27.3a(1.5) of the Clerks of Courts Act, a circuit clerk in any county that imposes a fee for maintaining automated record keeping systems pursuant to section 27.3a(1) of the Clerks of Courts Act must collect an additional fee, the State Police operations assistance fee, to be paid by the defendant in any felony, traffic, misdemeanor, or local ordinance violation upon a judgment of guilty or grant of supervision. See 705 ILCS 105/27.3a(1.5) (West 2010). Section 27.3a(5) requires that the circuit clerk remit the fees collected under section

27.3a(1.5) to the State Treasurer to be deposited into the State Police Operations Assistance Fund. 705 ILCS 105/27.3a(5) (West 2010). Moneys in the State Police Operations Assistance Fund may be used by the Illinois Department of State Police to "finance any of its lawful purposes or functions." 30 ILCS 105/6z-82(b) (West 2010) (text of section as added by Public Act 96-1029 (eff. July 13, 2011)). Additionally, the legislature subsequently amended section 27.3a, effective August 19, 2011, to allow the Director of the State Police to use State Police operations assistance fees for homeland security purposes. See 705 ILCS 105/27.3a(6) (West Supp. 2011). Accordingly, we find that the State Police operations assistance fee does not reimburse the State for costs incurred in defendant's prosecution.

¶ 32 Under section 10(b) of the Violent Crime Victims Assistance Act, the VCVA assessment needs to be recalculated to account for the two additional fines assessed against defendant. The State Police operations assistance assessment is $5 and the CAC assessment, to be determined on remand, cannot exceed the $30 statutory maximum set forth in section 5-1101(f-5) of the Counties Code. See 55 ILCS 5/5-1101(f-5) (West 2010). Thus, defendant's VCVA assessment should be modified to $4 because the total amount of the State Police operations assistance assessment and the CAC assessment cannot exceed $35. See 725 ILCS 240/10(b) (West 2010).

¶ 33                                    III. CONCLUSION

¶ 34 For the foregoing reasons, we remand to the trial court with directions to (1) determine the less serious conviction for aggravated battery and vacate that conviction and (2) vacate the CAC assessment associated with the less serious aggravated battery conviction; and (3) we reduce the VCVA assessment to $4.

¶ 35 Affirmed in part as modified; cause remanded with directions.