# Illinois Official Reports

## Appellate Court

Digitally signed by Reporter of Decisions
Reason: I attest to the accuracy and integrity of this document
Date: 2018.03.29 12:47:34 -05'00'

***People v. Smith*, 2018 IL App (1st) 151402**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAMMY SMITH, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-15-1402 |
| Filed | January 30, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CR-12378; the Hon. Neil J. Linehan, Judge, presiding. |
| Judgment | Affirmed as modified; remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Christopher L. Gehrke, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Brian K. Hodes, and Sheilah O'Grady-Krajniak, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion.<br>Justice Pucinski concurred in the judgment and opinion.<br>Presiding Justice Neville concurred in part and dissented in part, with opinion. |

## OPINION

¶ 1 Following a bench trial, defendant Sammy Smith was convicted of one count of burglary (720 ILCS 5/19-1(a) (West 2014)) and sentenced as a Class X offender to eight years in prison. On appeal, Smith raises no claims of error regarding his trial or sentence but challenges only certain assessed fines and fees. We order modification of the fines, fees, and costs order.

¶ 2 At the time the court sentenced Smith, it also assessed fines, fees, and costs of $749. The court also awarded Smith $80 in presentence custody credit, which reduced his total fines and fees to $669.

¶ 3 On appeal, Smith contends that the assessed fines, fees, and costs should be reduced from $669 to $100. He argues that (1) the electronic citation ($5) and DNA identification system ($250) fees should be vacated because they were improperly imposed and, (2) pursuant to section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14(a) (West 2014)), he is entitled to presentence custody credit against assorted other assessments that are labeled "fees" but are actually "fines."

¶ 4 Smith concedes he did not raise any issue regarding the propriety of the fines and fees assessed in the trial court. These issues are, therefore, forfeited. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). He requests that we review his claims under the plain error doctrine, citing *People v. Vara*, 2016 IL App (2d) 140848, ¶ 7. He also asserts that this issue may be raised for the first time on appeal, citing *People v. Woodard*, 175 Ill. 2d 435, 457-58 (1997), and that we have the authority to modify the fines and fees order without remand pursuant to Illinois Supreme Court Rule 615(b). The State agrees with Smith that, even though he forfeited his claims by failing to raise them in the trial court, we may review them on all three bases.

¶ 5 We disagree with the parties that Smith's challenge is reviewable under plain error or that we may review these unpreserved errors under Rule 615(b). Smith does not claim that the trial court failed to provide a fair process for determining his fines and fees. Therefore, his complained-of errors do not affect substantial rights and are not reviewable under the plain error doctrine. *People v. Grigorov*, 2017 IL App (1st) 143274, ¶¶ 13-14. Rule 615(b) likewise provides no stand-alone basis for modification of the fines and fees order, as it must be read in conjunction with subsection (a)'s mandate that errors not affecting substantial rights "shall be disregarded." Ill. S. Ct. R. 615(a); *Grigorov*, 2017 IL App (1st) 143274, ¶¶ 13-15; *People v. Griffin*, 2017 IL App (1st) 143800, ¶ 9.

¶ 6 We also consider whether we may review Smith's challenges in the context of his request for presentence credit and conclude we cannot. A defendant who is incarcerated on a bailable offense, who does not supply bail and against whom a fine is levied, is allowed a credit of $5 for each day spent in presentence custody. 725 ILCS 5/110-14(a) (West 2014). This statute applies only to "fines" that were imposed after a conviction and does not apply to any other costs or "fees." *People v. Tolliver*, 363 Ill. App. 3d 94, 96 (2006). Pursuant to *People v. Caballero*, 228 Ill. 2d 79, 88 (2008), claims for presentence custody credit pursuant to section 110-14 may be raised "at any time and at any stage of court proceedings, even on appeal in a postconviction proceeding." See *Griffin*, 2017 IL App (1st) 143800, ¶ 25 ("*Caballero*, in essence, stands for the proposition that a defendant may 'piggyback' a section 110-14 claim onto any properly filed appeal, even if the claim is unrelated to the

grounds for that appeal."). However, "[g]ranting credit is a simple ministerial act that promotes judicial economy by ending any further proceedings over the matter." *People v. Brown*, 2017 IL App (1st) 150203, ¶ 36 (citing *Woodard*, 175 Ill. 2d at 456-57). Smith here raises *substantive* issues pertaining to whether particular charges apply to his case or whether they are properly categorized as fines or fees. He does not seek the ministerial correction of a mathematical calculation envisioned under section 110-14. Accordingly, *Caballero* and section 110-14 do not save his substantive arguments from forfeiture.

¶ 7        Nevertheless, because the State does not argue that Smith has forfeited review of his challenge to the assessed fines and fees, it has waived any forfeiture argument. See *People v. Williams*, 193 Ill. 2d 306, 347-48 (2000) (rules of waiver and forfeiture apply to the State). We will therefore review Smith's claims. The propriety of court-ordered fines and fees is reviewed *de novo*. *People v. Bowen*, 2015 IL App (1st) 132046, ¶ 60.

¶ 8        Before we turn to the particular assessments challenged by Smith, we take this opportunity to encourage state's attorneys, public defenders, private counsel, and trial courts alike to take the minimal time necessary to examine fines and fees assessed against defendants in criminal cases to determine that they are correct and to make the mathematical calculation of the presentence custody credit to which the defendant is entitled as called for in the fines and fees order. (Unlike many appeals we consider, the trial court here did calculate the presentence credit to which Smith was entitled.) Given that the parties have 30 days to return to the trial court to make corrections, this court should not be the court of first resort for these issues. Additionally, in countless appeals, including this one, the State not only takes the position that a defendant's forfeiture of claimed errors in fines and fees may be overlooked but also concedes that, in fact, certain assessments were improperly imposed. We encourage this practice and further note that nothing prevents the parties from accomplishing the same result in the trial court by seeking an agreed remand for the purpose of correcting the fines and fees order. The delay and expense involved in briefing these issues in this court is perhaps the least efficient means of resolving them.

¶ 9        We realize that at a sentencing hearing during which a defendant is sentenced to a (perhaps lengthy) period of incarceration, the last thing that the parties likely focus on is the applicable fines and fees. That said, unpaid fines and, to a lesser extent, fees have (at least theoretically) lasting repercussions for criminal defendants. Unpaid fines (not including fees) in criminal cases may be subject to an order of withholding (730 ILCS 5/5-9-4 (West 2016)), which renders a defendant's wages subject to garnishment under section 12-803 of the Code of Civil Procedure (735 ILCS 5/12-803 (West 2016)). There is a split of authority in Illinois as to whether wages earned by a defendant while incarcerated are likewise subject to withholding. See *People v. Watson*, 318 Ill. App. 3d 140, 142 (2000) (finding that trial court lacked authority to order Department of Corrections wages withheld). *Contra People v. Mancilla*, 331 Ill. App. 3d 35, 37-38 (2002) (disagreeing with *Watson* and finding Department of Corrections wages may be withheld to satisfy unpaid fines). Further, a criminal conviction results in a lien on the defendant's real and personal property. 725 ILCS 5/124A-10 (West 2016). Thirty days after judgment, a defendant's property may be seized or sold to satisfy any unpaid fines and costs of prosecution. "Unless a court ordered payment schedule is implemented, the clerk of the court may add to any judgment a delinquency amount equal to 5% of the unpaid fines, costs, fees, and penalties that remain unpaid after 30 days." *Id.* Unpaid fines and fees may also be the subject of collection actions initiated by the

State's Attorney, which entail a 30% surcharge plus 9% interest on the unpaid amount (730 ILCS 5/5-9-3(e) (West 2016)), and unpaid fines carry with them the threat of imprisonment for an intentional refusal to pay (*id.* § 5-9-3(b) (up to six months for nonpayment of a felony fine and a maximum of 30 days for nonpayment of a misdemeanor fine)).

¶ 10    This court has previously noted Illinois's labyrinthine system of criminal fines and fees. See *Grigorov*, 2017 IL App (1st) 143274, ¶ 19; *People v. Johnson*, 2015 IL App (3d) 140364, ¶ 11 (calculation of fines and fees "has become a very complex process"); *People v. Williams*, 2013 IL App (4th) 120313, ¶ 25; *People v. Folks*, 406 Ill. App. 3d 300, 308 (2010) (referring to "morass of fines, fees, and costs created by the legislature"); see also Statutory Court Fee Task Force, *Illinois Court Assessments: Findings and Recommendations for Addressing Barriers to Access to Justice and Additional Issues Associated With Fees and Other Court Costs in Civil, Criminal, and Traffic Proceedings* 7 (June 1, 2016), http://www.illinoiscourts.gov/2016_Statutory_Court_Fee_Task_Force_Report.pdf ("Over the years, more and more costs have been passed on to court patrons through an elaborate web of fees and fines that are next to impossible to decipher and severely lacking in uniformity and transparency."). The current fines and fees order used in the circuit court of Cook County contains more than 90 categories of assessments, divided into categories of (i) fines offset by the presentence credit, (ii) fines that, by statute, are not offset by the presentence credit, and (iii) fees and costs not offset by the presentence credit. The enormous amount of attorney and judicial time and energy devoted to fines and fees issues undoubtedly dwarfs the collection rate (see *People v. Rexroad*, 2013 IL App (4th) 110981, ¶ 56), although we are unaware of any study undertaken to determine what percentage of assessed fines and fees is actually collected. Add to that the failure of the Clerk of the Circuit Court of Cook County to change the fines and fees order to reflect years of consistent decisions from this court that have repeatedly determined that certain assessments categorized as fees on that form are, in fact, fines as to which defendants are entitled to presentence credit, and you have a recipe for limitless reinvention of the wheel. See, *e.g.*, *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 22 (court system fee is actually a fine); *People v. Smith*, 2013 IL App (2d) 120691, ¶ 21 (court system fee deemed a fine as it is "not intended or geared to compensate the State (or the county) for the cost of prosecuting a defendant"); *People v. Maxey*, 2016 IL App (1st) 130698, ¶ 141 (defendant entitled to credit against state police operations fee), *vacated on other grounds*, No. 121137 (Ill. Nov. 22, 2017) (supervisory order); *People v. Millsap*, 2012 IL App (4th) 110668, ¶ 31 (state police operations fee deemed a fine for the same reason articulated in *Smith*). And the State regularly concedes these errors, although not typically until the matter is fully briefed. Of course, despite the inaccuracies in the clerk's form, the parties, as noted, could easily stipulate to presentence credit against these assessments.

¶ 11    Although the law applicable to the issues presented in this appeal is well settled, we are nevertheless publishing this decision as an opinion to call attention to this needless waste of scarce resources. We are also sending a copy of the decision to Kim Foxx, the State's Attorney of Cook County; James E. Chadd, the State Appellate Defender; Amy Campanelli, the Cook County Public Defender; and Dorothy Brown, Clerk of the Circuit Court of Cook County.

¶ 12    On the merits, the parties correctly agree that the $5 electronic citation fee (705 ILCS 105/27.3e (West 2014)) and $250 state DNA identification system fee (730 ILCS 5/5-4-3(j) (West 2014)) must be vacated. The electronic citation fee does not apply to felonies and is,

therefore, inapplicable to Smith's felony conviction for burglary. See *People v. Robinson*, 2015 IL App (1st) 130837, ¶ 115. The DNA fee was improperly assessed, as Smith's DNA is already in the Illinois database as a result of his prior 2003 felony conviction. *People v. Marshall*, 242 Ill. 2d 285, 303 (2011) (fee authorized only when the defendant is not registered in the DNA database); *People v. Leach*, 2011 IL App (1st) 090339, ¶ 38 (to vacate DNA identification system fee, defendant need only show that he was convicted of a felony after the DNA requirement went into effect on January 1, 1998). These particular errors recur in countless cases, and frankly, we do not understand why.

¶ 13    As defendants have in dozens of other cases, Smith next claims that eight other charges, despite their denomination as fees, are fines that should be offset by presentence credit. A "fine" is "part of the punishment for a conviction," whereas a "fee" is assessed to "recoup expenses incurred by the state—to 'compensat[e]' the state for some expenditure incurred in prosecuting the defendant." *People v. Jones*, 223 Ill. 2d 569, 582 (2006). Even if a statute labels a charge as a "fee," it may still be considered to be a "fine." *Id.* at 599. Smith spent 211 days in presentence custody and is, therefore, entitled to up to $1055 in presentence custody credit.

¶ 14    Smith contends, and the State correctly concedes, that his $50 court system fee (55 ILCS 5/5-1101(c)(1) (West 2014)) and $15 state police operations fee (705 ILCS 105/27.3a(1.5) (West 2014)) should be offset by presentence credit. *People v. Ackerman*, 2014 IL App (3d) 120585, ¶ 30 (concluding that the court systems fee is actually a fine); *Millsap*, 2012 IL App (4th) 110668, ¶ 31 ("the State Police operations assistance fee is also a fine").

¶ 15    Next, Smith contends that the $190 felony complaint filing fee (705 ILCS 105/27.2a(w)(1)(A) (West 2014)), the $15 automation fee (*id.* § 27.3a(1), (1.5)), the $15 document storage fee (*id.* § 27.3c(a)), and the $25 court services fee (55 ILCS 5/5-1103 (West 2014)) are all fines subject to presentence incarceration credit. This court has already considered challenges to these assessments and found that they are fees, as they "are compensatory and a collateral consequence of defendant's conviction." *Tolliver*, 363 Ill. App. 3d at 97. These charges represent part of the costs incurred for prosecuting a defendant and are, therefore, not fines subject to offsetting presentence custody credit. See *People v. Graves*, 235 Ill. 2d 244, 250 (2009); *Tolliver*, 363 Ill. App. 3d at 97.

¶ 16    Similarly, Smith is not entitled to presentence custody credit against the $2 Public Defender Records Automation Fund fee (55 ILCS 5/3-4012 (West 2014)) and $2 State's Attorney Records Automation Fund fee (*id.* § 4-2002.1(c)). "[T]he bulk of legal authority has concluded that both assessments are fees rather than fines because they are designed to compensate those organizations for the expenses they incur in updating their automated record-keeping systems while prosecuting and defending criminal defendants." *People v. Brown*, 2017 IL App (1st) 150146, ¶ 38 (collecting cases). See *contra People v. Camacho*, 2016 IL App (1st) 140604, ¶¶ 47-56 (finding the assessments are fines, not fees).

¶ 17    For the reasons set forth above, we vacate the $5 electronic citation fee and the $250 state DNA identification system fee and find that the $50 court system fee and $15 state police operations fee are offset by presentence credit. We remand and direct the trial court to modify the fines, fees, and costs order accordingly. The judgment of the circuit court is affirmed in all other respects.

¶ 18     Affirmed as modified; remanded with directions.

¶ 19     PRESIDING JUSTICE NEVILLE, concurring in part and dissenting in part:

¶ 20     I concur in the majority's decision, with the exception of the issue relating to the $2 state's attorney and public defender records automation fees. I have previously concluded that these assessments are fines as to which a defendant is entitled to presentence custody credit. *People v. Camacho*, 2016 IL App (1st) 140604, ¶¶ 44-56. Accordingly, on that issue, I respectfully dissent.