**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170724-U

Order filed January 7, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Mercer County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0724 Circuit No. 12-CF-107 |
| | ) | |
| JAYME R. ONTIVEROS, | ) ) | Honorable Thomas C. Berglund, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Presiding Justice Lytton and Justice O'Brien concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court did not err when it denied defendant's postconviction petition following a third-stage evidentiary hearing.

¶ 2     Defendant, Jayme R. Ontiveros, appeals the Mercer County circuit court's denial of his postconviction petition following a third-stage evidentiary hearing. Defendant contends that the court erred when it determined that defendant's trial counsel did not perform deficiently for failing to file a motion to dismiss the charges on speedy trial grounds. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          On November 16, 2012, the police arrested defendant. The State charged defendant with

residential burglary (720 ILCS 5/19-3(a) (West 2012)) and theft (*id.* § 16-1(a)(1)(A)). Defendant

remained in custody until he was released on a recognizance bond. On November 21, defendant

made his initial court appearance, the court appointed the public defender to represent defendant.

Defendant did not make a speedy trial demand.

¶ 5          On December 3, 2012, defendant appeared in court with defense counsel. Defense

counsel accepted a jury trial date of January 28, 2013. Counsel did not make any speedy trial

demands.

¶ 6          On December 18, 2012, the parties appeared in court and the court continued the matter.

Defendant did not object or make a speedy trial demand. The written order entered that day

attributed the delay to the defense.

¶ 7          On January 14, 2013, the State moved to continue defendant's jury trial over the

defense's objection. The docket entry for this hearing attributed this delay to the State.

¶ 8          On February 19, 2013, the parties appeared in court on the State's motion to continue the

trial. At the hearing, the State argued that the continuance would not cause any issues with

defendant's speedy trial rights because the trial would still occur within 120 days of defendant's

arrest. To support its argument, the State noted that the delay from December 18, 2012, to

January 14, 2013, was attributed to the defense. In response, defense counsel noted that he did

not believe he ever asked to continue the case. The court continued the hearing to the next day.

¶ 9          The next day, the parties appeared in court on the State's motion to continue the trial. The

defense objected to the continuance. Defense counsel also informed the court that defendant

requested the transcripts from the December 18 hearing to determine if counsel had requested the

disputed continuance. The court responded that if defendant wanted the court to order the transcripts that the delay would be attributable to the defense. Over defense counsel's objection, defendant maintained that he still desired the transcripts. The court granted the State's motion to continue and ordered the transcripts defendant requested. The written order attributed the delay to defendant.

¶ 10 On March 18, 2013, the parties appeared in court and the State asked the court to modify defendant's bond to a recognizance bond to protect defendant's speedy trial rights. The court allowed the request. The court admonished defendant that his failure to appear at future hearings would result in a trial *in absentia*. After his release, defendant failed to appear at a subsequent hearing and the court held a trial *in absentia*. The court found defendant guilty of theft and not guilty of residential burglary. The court sentenced defendant to eight years' imprisonment. Defendant did not appeal.

¶ 11 Next, defendant filed a *pro se* postconviction petition. Defendant later amended the petition to allege that defense counsel provided ineffective assistance for allowing the case to go to trial where there was a speedy trial violation. The cause proceeded to a third-stage evidentiary hearing. Following the hearing, the court denied defendant's postconviction petition, finding that no speedy trial violation occurred.

¶ 12         II. ANALYSIS

¶ 13 On appeal, defendant claims that the court erred when it denied his postconviction petition. Specifically, defendant contends that the speedy trial period had expired by the time he was released on a recognizance bond. Therefore, defendant argues that his defense counsel provided ineffective assistance by failing to move to dismiss the charges on speedy trial grounds.

Because the speedy trial period did not expire prior to defendant's release on recognizance bond, we find that the court properly denied defendant's postconviction petition.

¶ 14 Initially, the State contends that defendant's ineffective assistance claim should have been denied on forfeiture grounds due to defendant's failure to appeal his conviction and sentence. However, the State did not raise the forfeiture argument in the circuit court. The State, therefore, forfeited this argument. See *People v. Smith*, 2018 IL App (1st) 151402, ¶ 7. Consequently, we will consider the merits of defendant's ineffective assistance claim.

¶ 15 To establish a claim of ineffective assistance of counsel, the defendant must show counsel's performance was deficient and the deficient performance resulted in prejudice. *People v. Houston*, 226 Ill. 2d 135, 143 (2007) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Counsel's failure to assert a speedy trial violation cannot establish either prong of an ineffective assistance claim if there is no lawful basis for raising a speedy trial objection. *People v. Cordell*, 223 Ill. 2d 380, 385 (2006). Accordingly, we must first determine whether defendant's right to a speedy trial was violated. See *id.*

¶ 16 "In Illinois, a defendant has *** a statutory right to a speedy trial." *Id.* Section 103-5(a) of the Speedy Trial Act provides that

> "[e]very person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he or she was taken into custody unless delay is occasioned by the defendant ***. Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a) (West 2016).

¶ 17    In this case, defendant was released on recognizance bond 122 days after his arrest (November 16, 2012, to March 18, 2013). The five days from defendant's arrest to his first appearance on November 21, 2012, are attributable to the State. See *People v. Mayo*, 198 Ill. 2d 530, 536 (2002) (the 120-day statutory period begins to run automatically from the day defendant is taken into custody and no formal demand is required). However, the record shows that the delay in the proceedings from November 21, 2012, until January 14, 2013, was without objection. This period, therefore, is excluded from calculating the 120-day period. See *People v. Lilly*, 2016 IL App (3d) 140286, ¶ 35. The delay from January 14 until February 20, 2013, is attributable to the State's request for a continuance over the defense's objection. This period is 37 days. At this point, the speedy trial period attributable to the State was 42 days. The remaining delay from February 20, 2013, until the day defendant was released on recognizance bond is attributable to defendant due to his motion for transcripts—a motion that required time for processing. See *People v. McDonald*, 168 Ill. 2d 420, 440 (1995) (any type of motion filed by defendant which eliminates the possibility that the case could immediately be set for a trial constitutes an affirmative act of delay attributable to defendant). Therefore, at the time defendant was released on recognizance bond, the speedy trial period was only at 42 days. Once released, the speedy trial period extended to 160 days. 725 ILCS 5/103-5(b) (West 2016). Defendant, however, failed to appear at the subsequent proceedings. As such, he waived any trial demand by failing to appear. *Id.* Consequently, defense counsel could not be ineffective for failing to move to dismiss the charges on speedy trial grounds where no speedy trial violation occurred. Therefore, we hold that the court did not err when it denied defendant's postconviction petition.

¶ 18    In reaching this conclusion, we reject defendant's argument that any continuances of the trial within the 120-day period is not a "delay" that can be attributed to defendant. Relying on

our supreme court's decision in *Cordell*, defendant contends that he was not required to object to any continuances if the trial date is still set within the speedy trial period. We disagree with defendant's narrow interpretation of *Cordell*.

¶ 19 In *Cordell*, the supreme court found that, under the facts of that case, that the defendant was obligated to object to prevent the speedy trial clock from tolling when the circuit court set a date for trial outside the 120-day period. *Cordell*, 223 Ill. 2d at 390-91. In coming to this conclusion, the court held that "section 103-5(a) places the onus on a defendant to take affirmative action when he becomes aware that his trial is being delayed." *Id.* at 391. It is true that the court stated "[a]ny action *** that moves the trial date outside of that 120-day window qualifies as a delay for purposes of the section." *Id.* at 390. However, the court did not limit the requirement that a defendant object to an action that postpones trial only to those actions that move the trial date outside the 120-day window. Further, there is no language in section 103-5(a) suggesting that this requirement does not apply when the case has been set for trial within the speedy trial period. Rather, to invoke his speedy trial rights, section 103-5(a) requires a clear objection and demand for trial from defendant. Consequently, any delay to which defendant acquiesced, agreed, or failed to object tolled the speedy trial period even if the trial date was set within the 120-day period.

¶ 20                                          III. CONCLUSION

¶ 21 For the foregoing reasons, we affirm the judgment of the circuit court of Mercer County.

¶ 22 Affirmed.