No. 3--01--0328

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

THE PEOPLE OF THE STATE OF 
) Appeal from the Circuit Court

ILLINOIS, 
) of the 21st Judicial Circuit

) Kankakee County, Illinois

Plaintiff-Appellee,
 ) 

) 
No. 
00--CF--430 

v. ) 
 

 
 ) 
 

GAYLORD GATHING,
 ) 
Honorable

) 
Kathy Bradshaw-Elliott,

Defendant-Appellant.
 ) 
Judge Presiding.
 

JUSTICE HOMER delivered the opinion of the court:

The defendant, Gaylord Gathing, was convicted in a bench trial of unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2000)), and sentenced to six years in prison.  The defendant was ordered to pay a $3,000 drug assessment, a $100 laboratory fee, and court costs.  The court ordered the Department of Corrections (DOC) to withhold up to 50% from the defendant’s monthly corrections income to pay the levies.  On appeal, the defendant argues that he should receive monetary credit for time spent in presentence custody, that his laboratory fee should only have been $50, and that the court lacked the authority to order the Department of Corrections to withhold his wages.

BACKGROUND

The defendant was charged by information with unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2000)), a Class X felony.  The information was superceded by an indictment and the case proceeded to a bench trial.   

According to the testimony, the police received a tip on August 14, 2000, that the defendant was selling cocaine from a motel room in Kankakee, Illinois.  At the motel, the police encountered the defendant and found him in possession of a prescription vial that contained 1.2 grams of cocaine and more than $900 in currency.  In the defendant’s room, the police discovered another 29.7 grams of cocaine.  

The trial court convicted the defendant of the charged offense and sentenced him to a six-year term of imprisonment.  Additionally, the court imposed a $3,000 drug assessment (720 ILCS 570/411.2(a)(1) (West 2000)), a $100 laboratory fee (730 ILCS 5/5--9--1.4(b) (West 2000)), and court costs.  The court awarded the defendant 239 days of presentence incarceration credit to be applied toward his prison sentence
, but the court did not order that credit to offset the drug assessment.  In addition, the court ordered the DOC to withhold up to 50% of the defendant’s monthly corrections income for application to his drug assessment.  

The defendant appeals, arguing that (1) he should receive monetary credit for time spent in presentence custody, (2) his laboratory fee should only have been $50, and (3) the court lacked the authority to order the DOC to withhold his corrections wages.

ANALYSIS

1. Monetary Credit

Section 110--14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110--14 (West 2000)) provides that a defendant is entitled to a credit of $5 for each day of presentence incarceration against fines imposed as a result of a conviction.  725 ILCS 5/110--14 (West 2000). 
 The defendant contends, therefore, that this court should reduce his drug assessment by $1,195 to reflect the defendant’s monetary credit for his 239 days of presentence incarceration.  

The State retorts that the defendant’s mandatory drug assessment is not a fine; thus, the credit provision in section 110--14 of the Code is not applicable.  In support of its argument, the State notes that the Illinois Appellate Court has held that the presentence incarceration credit did not apply toward a “surcharge” imposed in accord with the Violent Crime Victims Assistance Fund.  
People v. Williams
, 142 Ill. App. 3d 266, 491 N.E.2d 941 (1986).  
However, this court in 
People v. Brown
, 242 Ill. App. 3d 465, 466, 610 N.E.2d 776, 777 (1993), held that the credit provision in section 110--14 of the Code applies to the mandatory drug assessment.  According to 
Brown
, because the legislature did not specifically exclude the application of credits toward the mandatory drug assessment, the credit created by section 110--14 of the Code should be used to offset the assessment.  
Brown
, 242 Ill. App. 3d at 466, 610 N.E.2d at 777.  The State maintains that 
Brown
 was decided incorrectly.

Whether the defendant is entitled to credit against his mandatory drug assessment is a question of statutory interpretation.  The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent.  
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661 (1990).  The best indication of legislative intent is the statutory language, given its plain and ordinary meaning.  
Illinois Graphics Co. v. Nickum
, 159 Ill. 2d 469, 479, 639 N.E.2d 1282, 1287 (1994).  

Black’s Law Dictionary defines “assessment” as the “[i]mposition of something, such as a tax or fine, according to an established rate; the tax or fine so imposed.”  Black’s Law Dictionary 111 (7th
 ed. 1999).  A fine is defined as “[a] pecuniary criminal punishment or civil penalty payable to the public treasury.”  Black’s Law Dictionary 647 (7th
 ed. 1999).  
 

The assessment enacted in section 411.2(a)(1) of the Illinois Controlled Substances Act (Act) is consistent with the definition of a fine.  Penalties ranging from $3,000 to $200 are established for drug offenses depending upon their classification.  720 ILCS 570/411.2(a) (West 2000).  Payment of the assessment is to be forwarded by the circuit court clerk to the State Treasurer for deposit in the Drug Treatment Fund “within the State Treasury.”  720 ILCS 570/411.2(h) (West 2000).  We conclude that the plain and ordinary meaning of “assessment” as that term is used in section 411.2 of the Act supports the 
Brown
 court’s conclusion that the mandatory drug assessment is in the nature of a fine and is properly offset by the presentence credit created by section 110--14 of the Code.  Consequently, the defendant’s drug assessment must be reduced by $1,195.  

2. Withholding Order

Next, the defendant contends that the trial court lacked the authority to withhold his corrections wages to pay the monetary obligations ordered by the trial court.  Section 5--9--4 of the Unified Code of Corrections (730 ILCS 5/5--9--4 (West 2000)) allows a court to enter an order of withholding to collect the amount of a fine imposed on an offender.  Consequently, the trial court had authority to order the defendant’s income withheld to pay the mandatory drug assessment. 

However, the withholding order is unenforceable for two reasons.  First, the withholding order, allowing the withholding of up to 50% of the defendant’s income, exceeds the maximum wage deduction allowed by statute.  Section 12--803 of the Code of Civil Procedure (735 ILCS 5/12--803
 (West 2000)) provides that the maximum wages subject to collection shall not exceed the lesser of (1) 15% of the debtor’s gross weekly wages or (2) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage. 
 See 
People v. Despenza
, 318 Ill. App. 3d 1155, 1157, 744 N.E.2d 912, 914 (2001).  Second, it appears that no wage deduction proceeding under the Code of Civil Procedure was conducted in this circumstance.  In the absence of a wage deduction proceeding, and where the withholding order was merely a part of the sentencing order, the order for withholding was void.  
People v. Mancilla
, 331 Ill. App. 3d 35, 39, 770 N.E.2d 1262, 1265 (2002).  To obtain an income withholding order, the Code of Civil Procedure provides for the issuance of a summons against the employer (735 ILCS 5/12--805 (West 2000)), the consideration of offsetting and adverse claims (735 ILCS 5/12--809, 12--810 (West 2000)), and a trial conducted as in other civil cases (735 ILCS 5/12--811(c) (West 2000)).  Accordingly, we vacate the withholding order entered by the trial court.

3. Laboratory Fee

Finally, the defendant was assessed a $100 laboratory fee after he was convicted in this case.  However, section 5--9--1.4(b) of the Unified Code of Corrections (730 ILCS 5/5--9--1.4(b)(West 2000)) only authorizes a $50 fee for each offense for which a defendant is convicted.  There was only one offense in this case and the State has conceded that the laboratory fee should have been $50, rather than $100 as ordered by the trial court.  

CONCLUSION

For the foregoing reasons, we affirm the defendant’s conviction and prison sentence but vacate the withholding order.  Furthermore, we reduce the defendant’s mandatory drug assessment by $1,195 and his laboratory fee to $50. 

Affirmed in part as modified; vacated in part.

LYTTON, P.J., and MCDADE, J., concurred.