No. 3--04--0336

Filed March 24, 2006.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, McDonough County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--15 |
| STEVEN D. HASKINS, | ) ) | Honorable William D. Henderson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the Opinion of the court:

The defendant, Steven D. Haskins, was found guilty of burglary (720 ILCS 5/19--1(a) (West 2000)). The trial court sentenced him to 20 years of imprisonment and payment of $11,320 in restitution. Among other things, the sentencing order authorized the Department of Corrections (DOC) to withhold a portion of the defendant's wages toward payment of the restitution. On appeal, the defendant argues that there is a split of authority concerning whether a trial court is authorized to order the DOC to withhold wages to pay restitution, and that this court has not decided the issue. We note, however, that in People v. Gathing, 334 Ill. App. 3d 617, 778 N.E.2d 215 (2002), we previously decided that a trial court is authorized to order the DOC to withhold wages to pay a fine. The defendant has not distinguished between withholding to pay a fine and withholding

to pay restitution, and we see no reason to draw such a distinction.  Therefore, we affirm.

BACKGROUND

The trial court's written sentencing order states the following:

"IT IS FURTHER ORDERED that the [DOC] is ordered to withhold [a portion of the defendant's wages] and remit that amount to the clerk of the Circuit Court of McDonough County, Illinois for the applications to amounts due in this case.

IT IS FURTHER ORDERED that defendant shall pay restitution of $11,320.00, court costs and penalties; defendant shall contact the State's Attorney's Collection Specialist within 30 days of release from the [DOC] and enter into a payment agreement."

The defendant filed a motion for summary order with this court, in which he argued that the withholding portion of the sentencing order should be vacated.  The State submitted an objection to the motion for summary order, arguing that the withholding portion of the sentencing order referred to both a fine and restitution, and that the defendant's wages could lawfully be withheld for both.

In the defendant's response to the State's objection, he acknowledged that the restitution statute authorizes a trial judge to "enter an order of withholding to collect the amount of restitution owed in accordance with Part 8 of Article XII of the

2

Code of Civil Procedure" (730 ILCS 5/5--5--6(h) (West 2004)). However, the defendant submitted that there was a split of authority within the Illinois Appellate Court concerning whether DOC wages should be withheld to pay restitution and fines. See People v. Mancilla, 331 Ill. App. 3d 35, 770 N.E.2d 1262 (2d Dist. 2002) (DOC wages may be withheld); People v. Watson, 318 Ill. App. 3d 140, 743 N.E.2d 147 (4th Dist. 2000) (DOC wages may not be withheld). The defendant contended that this court had not decided the issue. The defendant reiterated that the withholding order should be vacated, or alternatively, that it should apply only to restitution.

On November 15, 2005, this court issued an order to the trial court asking it to clarify its sentencing order while we retained jurisdiction over the matter. On December 22, 2005, the trial court entered an order clarifying the original sentencing order. The trial court said that (1) fines were not imposed against the defendant; (2) pursuant to this court's order, the portion of the sentencing order that applied to withholding to pay unspecified court costs and penalties was vacated; and (3) the withholding portion of the order applied only to $11,320 in restitution. Additionally, the trial court stated that the restitution was to be paid first by withholding the defendant's DOC wages during his incarceration, and then, upon his release from incarceration, by entering into a payment agreement to pay any unpaid restitution.

ANALYSIS

The defendant argues that there is a split of authority concerning whether the trial court was authorized to order the DOC to withhold his wages to pay the restitution, and that this court has not decided the issue.

In Gathing, 334 Ill. App. 3d 617, 778 N.E.2d 215, the defendant argued, among other things, that the trial court lacked authority to order the DOC to withhold his wages to pay a fine. In response, we said the following:

"Section 5--9--4 of the Unified Code of Corrections (730 ILCS 5/5--9--4 (West 2000)) allows a court to enter an order of withholding to collect the amount of a fine imposed on an offender. Consequently, the trial court had authority to order the defendant's income withheld to pay the mandatory drug assessment." Gathing, 334 Ill. App. 3d at 620-21, 778 N.E.2d at 217-18.

Similarly to section 5--9--4, the Unified Code of Corrections also allows a court to enter an order of withholding to collect restitution. See 730 ILCS 5/5--5--6(h) (West 2004). Although our ruling in Gathing did not concern the withholding of DOC wages to collect restitution, but instead concerned the withholding of such wages to pay a fine, we see no reason not to apply the holding of Gathing to the withholding of DOC wages for the payment of restitution. Moreover, in his response, the defendant did not distinguish between withholding for restitution

4

and withholding for a fine.  Therefore, in the instant case, we hold that the trial court did not err by ordering the DOC to withhold the defendant's wages toward payment of restitution.

CONCLUSION

For the foregoing reasons, we affirm the sentencing order of the McDonough County circuit court, as previously modified and clarified by that court.

Affirmed.

SLATER and O'BRIEN, JJ., concur.