NO. 4-08-0828          Filed 10/15/09

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ALPHA O. SULTON, | ) | No. 07CF162 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James E. Souk, |
| | ) | Judge Presiding. |

JUSTICE MYERSCOUGH delivered the opinion of the court:

In September 2007, defendant, Alpha O. Sulton, entered a partially negotiated guilty plea as to one count of aggravated driving under the influence (DUI) (625 ILCS 5/11-501(d)(1)(F) (West 2006)).  The trial court later sentenced defendant to seven years' imprisonment and assessed numerous fines, fees, and costs, including a $10 drug-court assessment pursuant to section 5-1101(d-5) of the Counties Code (55 ILCS 5/5-1101(d-5) (West 2006)).

In November 2007, defendant filed a motion to withdraw guilty plea and reconsider sentence, which the trial court denied.  Defendant appealed, and we remanded his case to the trial court for defense counsel's failure to comply with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)).  People v. Sulton, No. 4-08-0073 (May 12, 2008) (unpublished summary order under Supreme

Court Rule 23(c)(2)).

On remand, defendant filed an amended motion to withdraw guilty plea and reconsider sentence, which the trial court denied. Defendant appeals, arguing he is entitled to credit against the $10 drug-court assessment imposed by the court. We agree, affirm as modified, and remand with directions.

I. BACKGROUND

On February 3, 2007, while under the influence of cannabis, defendant drove his car into a utility pole, killing Jose Ezpinoza, the passenger in the vehicle. The State charged defendant with one count of aggravated driving under the influence, a Class 2 felony (625 ILCS 5/11-501(d)(1)(F) (West 2006)). In exchange for a 10-year sentence cap, defendant pleaded guilty to the charge. The trial court later sentenced defendant as stated and awarded him (1) 273 days' sentencing credit and (2) $1,365 credit toward his fines for time spent in presentence custody. However, the notice filed by the McLean County circuit clerk reveals defendant's custody credit was not applied toward his $10 drug-court assessment.

In November 2007, defendant filed a motion to withdraw plea and reconsider sentence, alleging (1) his plea was involuntary and (2) his sentence was excessive. The trial court denied the motion, and defendant appealed. On appeal, this court remanded because defense counsel failed to file a certificate

indicating counsel reviewed the transcript of the guilty-plea hearing as required by Supreme Court Rule 604(d). Sulton, No. 4-08-0073.

On remand, defendant filed an amended motion to withdraw plea and reconsider sentence, alleging (1) he felt pressured into entering his guilty plea and did not understand the consequences of pleading guilty and (2) his sentence was excessive. The trial court denied the motion.

This appeal followed.

## II. ANALYSIS

On appeal, defendant contends he is entitled to credit against his $10 drug-court assessment for the time he spent in pretrial custody because the assessment constituted a fine and not a fee. Specifically, defendant alleges that because he did not face prosecution in drug court, the assessment was not compensatory in nature and cannot be labeled as a fee. In response, the State argues defendant does not deserve credit toward his drug-court assessment because the assessment was a fee in that it was (1) nonpunitive and (2) rationally related to defendant's conviction. We agree with defendant.

The issue of monetary credit against a defendant's fine cannot be waived and may be raised for the first time on appeal. People v. Woodard, 175 Ill. 2d 435, 457, 677 N.E.2d 935, 945-46 (1997). Whether a defendant received proper credit against his

- 3 -

fine is a question of law that we review de novo.  People v. Andrews, 365 Ill. App. 3d 696, 698, 850 N.E.2d 888, 890 (2006).

Section 110-14(a) of the Code of Criminal Procedure of 1963 (Criminal Code) states that "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant."  725 ILCS 5/110-14(a) (West 2006).  However, monetary credit under section 110-14(a) offsets only fines, not fees.  People v. Jones, 223 Ill. 2d 569, 580, 861 N.E.2d 967, 974 (2006).  Thus, our analysis turns to whether the $10 drug-court assessment qualifies as a fee or a fine.  This issue appears relatively straightforward.  However, the cases take many opposing approaches.  In People v. Williams, 142 Ill. App. 3d 266, 274-75, 491 N.E.2d 941, 946 (1986), overruled on other grounds by People v. Ferguson, 132 Ill. 2d 86, 99, 547 N.E.2d 429, 434 (1989), the appellate court found the assessment to be a fee based upon the statutory language that referred to the assessment as other than a fine.

> "A reading of the statutory language in
> section 5-9-1(c) of the Unified Code of Cor-
> rections (Ill. Rev. Stat. 1983, ch. 38, par.
> 1005-9-1(c)) in conjunction with section 9.1
> of 'An act to establish the Illinois Local

- 4 -

Government Law Enforcement Officers Training Board ***' (Ill. Rev. Stat. 1983, ch. 85, par. 509.1), setting forth the means of distribution of the funds, reveals that the disputed amount is referred to as other than a fine.  For example, every fine shall include an amount payable to the Fund (Ill. Rev. Stat. 1983, ch. 38, par. 1005-9-1(c)); such amounts payable shall be collected in addition to the fines and costs (Ill. Rev. Stat. 1983, ch. 38, par. 1005-9-1(c)); and, in addition to every fine imposed an additional assessment payable to the Fund shall be imposed.  Ill. Rev. Stat. 1983, ch. 38, par. 509.1.

The above statutory language evinces the legislature's intent to distinguish the amount payable to the Fund from any fines imposed.  Furthermore, the purpose of providing financial assistance to the training of law enforcement personnel (Ill. Rev. Stat. 1983, ch. 85, par. 509) would be thwarted by subjecting the amounts payable to the Fund to the credit provisions of section 110-14 of

the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110-14). We conclude that defendant is not entitled to credit against the amount payable to the Fund, imposed under section 5-9-1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005-9-1(c)) for time served prior to conviction." Williams, 142 Ill. App. 3d at 274-75, 491 N.E.2d at 946. See also People v. Gathing, 334 Ill. App. 3d 617, 778 N.E.2d 215 (2002).

However, in People v. Brown, 242 Ill. App. 3d 465, 610 N.E.2d 776 (1993), the appellate court found the assessment to be a fine because the statutory language did not include the prohibition against the offset for time served.

"We begin by noting that the $500 assessment was imposed pursuant to section 411.2 of the Illinois Controlled Substances Act (720 ILCS 570/411.2 (West 1992)). Section 411.2 does not specifically state that assessments cannot be offset by the general $5-per-day credit against fines provided for in section 110-14 of the Code of Criminal Procedure of 1963. (See 725 ILCS 5/110-14

- 6 -

(West 1992).)  Had the legislature clearly intended to exclude section 411.2 from such credits, the legislature could have specifically made such an exclusion.  (See, e.g., 725 ILCS 240/10(c) (West 1992).)  Therefore, we conclude that Brown's $5-per-day credit for pretrial incarceration which is allowed by section 110-14 should have been used to offset his $500 assessment."  (Emphasis in original.)  Brown, 242 Ill. App. 3d at 466, 601 N.E.2d at 777.

Regardless, the supreme court in an unusual twist of logic found a fee to be a fine when interpreting a statute with nearly identical language as in Brown and the case sub judice.

"As defendant notes, the statute does call the charge a 'fee.'  This constitutes strong evidence as to how the charge should be characterized.  However, as previously noted, the label attached by the legislature is not necessarily definitive.  See Crocker, 99 Ill. 2d at 452 (a charge labeled a 'fee' was 'in reality a tax'); Elizalde, 344 Ill. App. 3d at 682.  We note that the statute is ambiguous, in that although the statute does label the

- 7 -

charge a fee it also states that the charge 'shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing.' If the charge were truly a fee, there would be no need for the legislature to have included this language because, as the parties agree, the credit for presentence incarceration can only reduce fines, not fees. See 725 ILCS 5/110-14 (West 2004). Thus to conclude the charge is a fee would render this section of the statute superfluous, a construction to be avoided. Jones, 214 Ill. 2d at 193; Bonaguro, 158 Ill. 2d at 397."

Jones, 223 Ill. 2d at 599, 861 N.E.2d at 985. Ordinarily, the statutory language "added to every fine" an "additional penalty" and the specific exclusion of the statutory credit for time served are considered to reflect creation of a fee, not a fine. See Williams, 142 Ill. App. 3d at 274-75, 491 N.E.2d at 946. "Such additional penalty shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing." 730 ILCS 5/5-9-1(c) (West 2006); see Brown, 242 Ill. App. 3d 465, 610 N.E.2d 776.

This court is, nonetheless, bound to follow People v. Graves, No. 106541 (September 24, 2009), ___ Ill. 2d ___, ___ N.E.2d ___, and Jones, 223 Ill. 2d 569, 861 N.E.2d 967.

This sentencing dilemma places an enormous burden on the trial courts. The trial courts must now address in each criminal case whether each of the myriad of fees and fines is a fee or a fine as to each defendant depending on the conviction, the sentence, and the penalty. Perhaps the legislature will see fit to correct this confusion.

Regardless, the supreme court has found that the nature of an assessment determines whether the assessment constitutes a fine or a fee. Fines are "'pecuniary punishment[s] imposed as part of a sentence on a person convicted of a criminal offense.'" Jones, 223 Ill. 2d at 581, 861 N.E.2d at 975, quoting People v. White, 333 Ill. App. 3d 777, 781, 776 N.E.2d 836, 839 (2002). Conversely, fees do not "'punish a defendant in addition to the sentence he received'"; rather, a fee is a collateral consequence of the defendant's conviction that reimburses the State for an expense related to the defendant's prosecution. Jones, 223 Ill. 2d at 581, 861 N.E.2d at 975, quoting White, 333 Ill. App. 3d at 781, 776 N.E.2d at 839.

At issue in the case at bar is the $10 drug-court assessment imposed upon defendant by the trial court pursuant to section 5-1101(d-5) of the Counties Code. Specifically, section

5-1101(d-5) authorizes trial courts to impose "[a] $10 fee to be paid by the defendant on a judgment of guilty or a grant of supervision under [s]ection 5-9-1 of the Unified Code of Corrections to be placed in the county general fund and used to finance the county mental[-]health court, the county drug court, or both."  55 ILCS 5/5-1101(d-5) (West 2006).

Although the language of section 5-1101(d-5) categorizes the drug-court assessment as a "fee," defendant argues the assessment actually operates as a fine.  In determining whether an assessment is a fee or a fine, the label used by the legislature is strong evidence as to the nature of the charge.  People v. Paige, 378 Ill. App. 3d 95, 101-02, 880 N.E.2d 675, 682 (2007).  However, "the actual attributes of the charge at issue must [also] be examined in resolving the question as to whether the charge is in fact a fee or a fine."  Paige, 378 Ill. App. 3d at 102, 880 N.E.2d at 682.  In doing so, the primary inquiry is whether the assessment "seek[s] to compensate the [S]tate for any costs incurred as the result of prosecuting the defendant."  Jones, 223 Ill. 2d at 600, 861 N.E.2d at 986.  If the assessment is compensatory in nature, it constitutes a fee.  Therefore, even if the statutory language labels an assessment as a "fee," the assessment still operates as a fine if it fails to reimburse the State for actual costs incurred in prosecuting the defendant. See Graves, No. 106541, slip op. at 5, ___ Ill. 2d at ___, ___

- 10 -

N.E.2d at ___ (holding that a $10 mental-health-court assessment and a $5 youth diversion/peer-court assessment, though labeled in the statute as "fees," were actually fines because they did not seek to compensate the State "for any costs incurred as the result of prosecuting the defendant"); Jones, 223 Ill. 2d at 599, 861 N.E.2d at 985 (holding that despite the General Assembly labeling a $5 spinal-cord-fund charge as a "fee," the charge was actually a fine because it failed to compensate the State for costs incurred in prosecuting the defendant); Paige, 378 Ill. App. 3d at 103, 880 N.E.2d at 683 (holding the mental-health court assessment imposed under section 5-1101(d-5) of the Counties Code constituted a fine despite its statutory label as a "fee" because the assessment went to funding mental-health court costs for the county and did not relate specifically to the defendant's prosecution).

In the case at bar, defendant maintains he "was not prosecuted in the county's drug or mental[-]health court system" and therefore the $10 drug-court assessment did not apply to the prosecution of his case. The State responds that because defendant was charged with aggravated DUI and two other drug-related offenses, "the drug[-]court fee is *** rationally related to defendant's conviction" and thus constitutes a fee. We agree with defendant.

The State's "rationally related" argument is improper

- 11 -

in distinguishing a fee from a fine. Though the charges against defendant relate to drug abuse, the State's argument improperly borrows from the test used to determine whether a fee is constitutional. See People v. Gildart, 377 Ill. App. 3d 39, 41, 879 N.E.2d 410, 413 (2007) (in deciding whether a statute imposing a fee is constitutional, the court must examine whether the fee "has a reasonable relationship to the public interest being protected"). Rather, the relevant inquiry is whether the assessment "is intended to reimburse the [S]tate for some cost incurred in [the] defendant's prosecution." Jones, 223 Ill. 2d at 600, 861 N.E.2d at 986.

Pursuant to the Drug Court Treatment Act, drug-court programs exist in three capacities: (1) the preadjudicatory drug-court program, in which the prosecution consents to expediting "the defendant's criminal case before conviction or before filing of a criminal case and requires successful completion of the drug[-]court program as part of the agreement"; (2) the postadjudicatory drug-court program, in which "the defendant has admitted guilt or has been found guilty and agrees, along with the prosecution, to enter a drug[-]court program as part of the defendant's sentence"; and (3) the combination drug-court program, which includes participation in both preadjudicatory and postadjudicatory drug-court programs. 730 ILCS 166/10 (West 2006). Participation in any drug-court program requires approval

by the prosecutor and involves community-based treatment. 730 ILCS 166/20(a) (West 2006). Here, the record does not reflect the trial court considered defendant's eligibility for drug-court programs during defendant's guilty-plea or sentencing hearings. Moreover, rather than sentence defendant to community-based treatment following his conviction, the trial court sentenced defendant to seven years' imprisonment. Thus, the $10 drug-court assessment was not related to costs incurred by the State as a result of defendant's prosecution. As such, the assessment was a fine, rather than a fee, toward which defendant should receive a $5-per-day credit pursuant to section 110-14(a) of the Criminal Code.

As a final matter, we address the State's contention "the trial court erroneously awarded defendant sentence credit to which he was not entitled." Specifically, the State claims that because defendant is not entitled to credit for the day of sentencing in which he was remanded to the Department of Corrections, the court should have awarded defendant 272 rather than 273 days' sentence credit and $1,360 rather than $1,365 monetary credit for the time defendant spent in presentence custody from February 3, 2007 (the day of defendant's arrest), to November 1, 2007 (the day the court sentenced defendant). See People v. Leggans, 140 Ill. App. 3d 268, 270-71, 488 N.E.2d 614, 615 (1986). Defendant concedes this issue, and we thereby order the

- 13 -

sentencing judgment corrected so reflecting.

### III. CONCLUSION

For the reasons stated, we affirm as modified and remand this cause to the trial court for issuance of an amended sentencing judgment to reflect application of defendant's monetary credit to the $10 drug-court assessment and a reduction in defendant's sentence credit from 273 days to 272 days and monetary credit from $1,365 to $1,360.

Affirmed as modified and cause remanded with directions.

KNECHT and STEIGMANN, JJ., concur.