# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Pena-Romero*, 2012 IL App (4th) 110780

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MACARIO PENA-ROMERO, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0780 |
| Filed | December 14, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from the denial of defendant's motion to withdraw his guilty plea to attempted murder, the appellate court rejected defendant's contentions that his guilty-plea counsel and his postplea counsel were ineffective with regard to advice concerning the deportation consequences of his plea, and the fees and assessments imposed on defendant were modified to comply with the law. |
| Decision Under Review | Appeal from the Circuit Court of Coles County, No. 08-CF-183; the Hon. James R. Glenn, Judge, presiding. |
| Judgment | Affirmed in part as modified and vacated in part; cause remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Nancy L. Vincent, all of State Appellate Defender's Office, of Springfield, for appellant.

C. Steve Ferguson, State's Attorney, of Charleston (Patrick Delfino, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE POPE delivered the judgment of the court, with opinion.

Presiding Justice Steigmann and Justice Turner concurred in the judgment and opinion.

## OPINION

¶ 1     Defendant, Macario Pena-Romero, appeals from the denial of his motion to withdraw his guilty plea. Defendant argues (1) he was denied effective assistance of guilty-plea counsel, (2) he was denied effective assistance of postplea counsel, (3) the circuit clerk lacked authority to assess the $5 anticrime fee, (4) he is entitled to credit against the $4.75 drug-court assessment, and (5) the $25 violent crime victims assistance (VCVA) assessment should be reduced to $4. We affirm in part as modified, vacate in part, and remand with directions.

¶ 2     I. BACKGROUND

¶ 3     On May 6, 2008, the State charged defendant with two counts of armed violence (720 ILCS 5/33A-2(a) (West 2008)). The trial court appointed a public defender to represent defendant.

¶ 4     On February 17, 2009, the State charged defendant with one count of attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1 (West 2008)). Defendant pleaded guilty in exchange for dismissal of the two armed violence charges and a sentencing cap of 20 years. An interpreter was present in the courtroom. The trial court admonished defendant that if he was not a citizen of the United States, the conviction could result in deportation, exclusion from admission to the United States, or denial of naturalization. See 725 ILCS 5/113-8 (West 2008). The State's factual basis indicated police officers went to a residence in Coles County to speak with Maria De La Cruz (Maria), who was holding a towel to her neck as it was bleeding. She told the officers that defendant argued with her, grabbed her from behind, and asked her if she knew what the children would do if both of them died that night. Defendant held a knife to her throat. Maria struggled with defendant and ran from the home. She was taken by ambulance to a hospital and treated.

¶ 5    The police officers found defendant at home, having cut himself. An officer heard defendant say that his wife had to be punished. The trial court found defendant knowingly and voluntarily pleaded guilty to the charge.

¶ 6    On May 1, 2009, the trial court sentenced defendant to 15 years in prison with credit for 360 days previously served.

¶ 7    On May 29, 2009, defendant filed a *pro se* motion for reduction of his sentence and a motion to withdraw his guilty plea and vacate the sentence. On June 1, 2009, the trial court appointed new counsel to represent defendant. On May 18, 2010, postplea counsel filed an amended motion to withdraw the guilty plea and vacate the sentence or reduce the sentence. In that motion, defendant alleged (1) he had a limited understanding of English, (2) guilty-plea counsel was ineffective for failing to consult with him with an interpreter present, (3) he did not understand the presentence investigation report (PSI), (4) he did not understand the court's admonition concerning the immigration consequences of his guilty plea, and (5) guilty-plea counsel did not explain the immigration consequences of his plea. Defendant also alleged his sentence was excessive.

¶ 8    Following a hearing on July 30, 2010, the trial court denied defendant's amended motion. In its written opinion and order, the court stated:

"It is clear from the record, however, that the Defendant has resided in and has been employed in the United States since 2001. The Defendant appeared in Court 16 times between May 12, 2008 and May 01, 2009. Four times without an interpreter and 12 times with an interpreter. The Court had the opportunity to observe Mr. Pena-Romero and how he interacted with counsel, the interpreter and how he responded to questions by the Court. Mr. Goodwin with Coles County Court Services met with Mr. Pena-Romero and was able to communicate with him to prepare the Pre-sentence Investigation report. *** At the hearing on Defendant's Amended Motion, when asked about being advised of deportation issues, the Defendant answered, 'I did not have enough explanation about that.' He did not specify what additional information he needed. If the Defendant now has an understanding of the immigration consequences, he has failed to advise the Court what he did not know at the time of his guilty plea. Defendant also failed to present testimony or evidence that if he knew of the immigration consequences at the time of the plea, that it would have changed his plea or that he was/or will be subject to immigration penalties. *** Likewise, Defendant has failed to present evidence that anything was wrong in the Pre-sentence investigation report."

¶ 9    Defendant appealed. On appeal, this court vacated the trial court's order and remanded for compliance with Illinois Supreme Court Rules 604(d) (eff. July 1, 2006) and 605(c) (eff. Oct. 1, 2001). *People v. Romero*, No. 4-10-0702 (Apr. 1, 2011) (unpublished summary order under Supreme Court Rule 23(c)(2)).

¶ 10    On remand, postplea counsel filed a new amended motion to withdraw his guilty plea and vacate his sentence or reduce the sentence, restating the claims from the previous amended motion. The parties adopted the evidence and argument previously submitted, and the trial court took judicial notice of the transcripts from the plea, sentencing, and hearing on the amended motion. The court denied the amended motion and this appeal followed.

II. ANALYSIS

¶ 12     Defendant first argues his guilty-plea counsel was ineffective for failing to advise defendant of the deportation consequences of his plea. In support of his position, defendant argues the United States Supreme Court decision in *Padilla v. Kentucky*, 559 U.S. ___ , 130 S. Ct. 1473 (2010), which held defense counsel must inform the client whether the plea carries a risk of deportation, changed the law regarding whether attorneys were obligated to advise their clients about collateral consequences. In other words, under *Padilla*, guilty-plea counsel was obligated to advise defendant about the collateral consequence of deportation, and her failure to do so rendered her ineffective.

¶ 13     This court reviews ineffective-assistance-of-counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999). To obtain reversal under *Strickland*, a defendant must prove (1) his counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163.

¶ 14     To satisfy the deficiency prong of *Strickland*, the defendant must demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment (U.S. Const., amend. VI). (Internal quotation marks omitted.) *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceedings' result would have been different. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. The *Strickland* Court noted that, when a case is more easily decided on the ground of lack of sufficient prejudice rather than that counsel's representation was constitutionally deficient, the court should do so. *Strickland*, 466 U.S. at 697.

¶ 15     First, this court doubts the rule announced in *Padilla* has retroactive application. See, *e.g.*, *Chaidez v. United States*, 655 F.3d 684, 694 (7th Cir. 2011) (*Padilla* announced a new constitutional rule and is therefore not retroactive); but see *People v. Gutierrez*, 2011 IL App (1st) 093449, ¶¶ 32-42, 954 N.E.2d 365 (holding *Padilla* applies retroactively, but decided prior to *Chaidez*). We need not reach this question, however, because defendant has failed to show prejudice from guilty-plea counsel's alleged error.

¶ 16     To establish prejudice, defendant had to show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *People v. Rissley*, 206 Ill. 2d 403, 457, 795 N.E.2d 174, 204 (2003). In articulating what is required, our supreme court has stated "[a] bare allegation that the defendant would have pleaded not guilty and insisted on a trial if counsel had not been deficient is not enough to establish prejudice." *People v. Hall*, 217 Ill. 2d 324, 335, 841 N.E.2d 913, 920 (2005). Instead, the defendant's claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial. *Hall*, 217 Ill. 2d at 335-

36, 841 N.E.2d at 920. The United States Supreme Court in *Hill v. Lockhart*, 474 U.S. 52 (1985), explained:

> "In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill*, 474 U.S. at 59.

Citing *Hill*, our supreme court has stated the question of whether counsel's deficient representation caused the defendant to plead guilty depends in large part on predicting whether the defendant likely would have been successful at trial. *Hall*, 217 Ill. 2d at 336, 841 N.E.2d at 921.

¶ 17 In this case, defendant did not make a claim of innocence or articulate a plausible defense; he simply rested on the bare allegation that he would have pled not guilty had he known of the deportation consequences of his plea. Contrary to defendant's assertion that he did not know of the deportation consequences of his plea, the record is clear defendant was admonished by the trial court that the conviction could result in deportation, exclusion from admission to the United States, or denial of naturalization.

¶ 18 Even if we excused defendant's failure to claim innocence or raise a plausible defense as *Hall* seems to require, defendant does not explain how his alleged ignorance of the deportation consequences factored into his decision to plead guilty. Or, stated differently, he does not explain why, had he known of that consequence, he would have pleaded not guilty and insisted on going to trial. While *Padilla* did not resolve the prejudice prong, it stated what was required for a defendant to show prejudice: "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at ___ , 130 S. Ct. at 1485. It is hard to imagine how rejection of the plea offer in this case would have been rational. Going to trial would not have spared defendant of the effect of deportation if he were convicted, which was likely, and would also have subjected him to the possibility of a greater term of imprisonment. The evidence against defendant is overwhelming. Essentially, the prejudice defendant alleges is dissatisfaction about the effects of deportation, which would not have changed if he had gone to trial and been convicted.

¶ 19 Here, to establish prejudice, defendant offers nothing more than the bare assertion that he would not have pleaded guilty but would have insisted on going to trial. This is not sufficient, given *Padilla*'s admonition that prejudice requires a defendant to convince the court a decision to reject the plea bargain would have been rational under the circumstances.

¶ 20 Alternatively, defendant argues his postplea counsel was ineffective for failing to elicit testimony from defendant he would not have pleaded guilty had he been told of the deportation consequences of his plea. As we have pointed out, however, a defendant alleging ineffective assistance of counsel must still establish prejudice. The bare allegation that, but for the alleged error, a defendant would have insisted on trial, without something more, is not enough. Standing alone, such an allegation is subjective, self-serving, and insufficient to satisfy the *Strickland* requirement for prejudice. See *Rissley*, 206 Ill. 2d at 459-60, 795 N.E.2d at 205. Defendant's self-serving statements that, but for his counsel's inadequate representation, he would have pleaded not guilty, unaccompanied by either a claim of innocence or the articulation of any plausible defense that he could have raised had he opted for a trial, is insufficient to demonstrate the required prejudice. Defendant does not now allege he is innocent, nor does he claim to have any plausible defense he could have raised had he chosen a trial. Defendant admitted cutting his wife's neck while asking if she knew what their children would do if both of them died that night. Defendant has never repudiated his sworn admission. Given these facts, defendant has not established the prejudice required under *Strickland*.

¶ 21 Defendant next argues the circuit clerk lacked authority to assess the $5 anticrime fee. The State concedes the anticrime fee may not be imposed where the trial court imposes a sentence of imprisonment. See *People v. Beler*, 327 Ill. App. 3d 829, 837, 763 N.E.2d 925, 931 (2002). We accept the State's concession and vacate the anticrime fee.

¶ 22 Defendant next argues he is entitled to a $5-per-day credit for time served against his $4.75 drug-court fee. The drug-court fee is a fine, and defendant is entitled to a $5-per-day credit against this $4.75 fine. See *People v. Sulton*, 395 Ill. App. 3d 186, 193, 916 N.E.2d 642, 647-48 (2009). The State concedes defendant is entitled to the $5-per-day credit for the 360 days he spent in custody. Accordingly, we remand this case and direct the trial court to amend the judgment order to grant defendant a credit against the $4.75 drug-court fee.

¶ 23 Defendant next argues the $25 VCVA assessment should be reduced to $4, and the State concedes the fine should be reduced to $4.

¶ 24 Pursuant to section 10(c)(1) of the Violent Crime Victims Assistance Act, the $25 VCVA assessment defendant received is to be imposed only where the defendant is convicted of a qualifying felony and no other fine is imposed. See 725 ILCS 240/10(c)(1) (West 2008).

¶ 25 In this case, the $4.75 drug-court assessment is a fine because the record does not show it was sought to reimburse the State for any costs incurred in defendant's prosecution. See *People v. Paige*, 378 Ill. App. 3d 95, 102, 880 N.E.2d 675, 682 (2007).

¶ 26 Where another fine is imposed, section 10(b) of the Violent Crime Victims Assistance Act requires "there shall be an additional penalty collected *** upon conviction *** of $4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2008). In this case, the drug-court fine is $4.75. Accordingly, defendant's VCVA assessment should be modified to $4 because the remaining fine totals less than $40. See 725 ILCS 240/10(b) (West 2008).

## III. CONCLUSION

For the reasons stated, we vacate the anticrime fee; we remand for the application of defendant's available credit toward the $4.75 drug-court fee; and we remand for a reduction of the VCVA assessment to $4. We otherwise affirm the trial court's judgment as modified. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed in part as modified and vacated in part; cause remanded with directions.