# Illinois Official Reports

## Appellate Court

***People v. Scott*, 2017 IL App (4th) 150529**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ZACHARY SCOTT, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0529 |
| Filed | November 30, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Morgan County, No. 14-CF-100; the Hon. Jeffrey E. Tobin, Judge, presiding. |
| Judgment | Affirmed in part as modified and vacated in part. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Sonthonax B. SaintGermain, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Gray Noll, State's Attorney, of Jacksonville (Patrick Delfino, David J. Robinson, and Linda McClain, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.<br>Justices Steigmann and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1 In August 2014, the State charged defendant, Zachary Scott, by information with one count of failure to register as a sex offender (730 ILCS 150/3(a), 10(a) (West 2014)). After a February 2015 trial, a jury found defendant guilty of the charge. Defendant filed a posttrial motion and an amended posttrial motion. At the March 2015 sentencing hearing, the Morgan County circuit court sentenced defendant to eight years' imprisonment. In June 2015, the court denied defendant's amended posttrial motion.

¶ 2 Defendant appeals, contending (1) the State failed to prove him guilty beyond a reasonable doubt, (2) plain error occurred because the jury instructions failed to state all of the elements of the charge and the circuit court failed to respond to the jury's legal question, (3) he received ineffective assistance of trial counsel, (4) the circuit clerk improperly imposed fines, and (5) he did not receive a *per diem* credit. We affirm in part as modified and vacate in part.

¶ 3                                    I. BACKGROUND

¶ 4 The State's August 25, 2014, information asserted defendant committed unlawful failure to register as a sex offender in that he, a sex offender, knowingly failed to register, in accordance with the provisions of the Sex Offender Registration Act (Act) (730 ILCS 150/1 *et seq.* (West 2014)), with the chief of police of Jacksonville, Illinois, on Monday, August 18, 2014, as required. The information also noted defendant had a prior conviction for violating the Act (People v. Scott, No. 12-CF-100 (Cir. Ct. Morgan Co.)). Thus, defendant was alleged to have committed a Class 2 felony. See 730 ILCS 150/10(a) (West 2014) (providing "[a]ny person who is convicted for a violation of this Act for a second or subsequent time is guilty of a Class 2 felony").

¶ 5 In February 2015, the circuit court held defendant's jury trial. The State presented the testimony of Michele Quinlan, an investigative aid for the Jacksonville police department, and Kyle Chumley, a Jacksonville detective. In addition to their testimony, the State presented defendant's August 11, 2014, registration form (State's exhibit No. 1). Defendant's only evidence consisted of 25 of his sex offender registration forms dated from January 9, 2012, to August 11, 2014. Both parties stipulated defendant was a sex offender.

¶ 6 Quinlan testified that, on August 11, 2014, she assisted defendant in completing his registration form. When defendant signed the form, it listed his next registration date as August 18, 2014. Quinlan was working on August 18, 2014, and defendant did not report for registration. Defendant did appear for registration on August 21, 2014, and Quinlan notified Detective Chumley of his appearance.

¶ 7 Detective Chumley interviewed defendant on August 21, 2014. Defendant was cooperative and answered his questions. Defendant told the detective he thought he had a grace period. Detective Chumley arrested defendant after the interview.

¶ 8 The August 11, 2014, registration form listed defendant's resident address as "Homeless," and as to the type of registration, the box was checked for "Homeless Weekly." Defendant did provide a mailing address but stated "not living there." The form also stated the following: "I have read and/or had read to me, the above requirements. It has been

explained to me and I understand my duty to register on or before 8/18/14." Defendant signed the form.

¶ 9    One of the jury instructions given by the circuit court was the State's instruction No. 12, which was based on Illinois Pattern Jury Instructions, Criminal, No. 9.43F (4th ed. Supp. 2011). That instruction read as follows: "A person commits the offense of failure to register as a sex offender when he knowingly fails to register." The court also gave the State's instruction No. 13, which was based on Illinois Pattern Jury Instructions, Criminal, No. 9.43H (4th ed. Supp. 2011), which stated, in pertinent part, the following:

> "To sustain the charge of unlawful failure to register as a sex offender, the State must prove the following propositions:
>
> *First Proposition*: That the defendant is a sex offender; and
>
> *Second Proposition*: That the defendant knowingly failed to register ***."

Defendant did not object to the two aforementioned jury instructions.

¶ 10    During deliberations, the jury first asked the following question: "Are we determining if he 'knowingly failed to register?' Or if he 'knowingly failed to register late?' " Before the jury received the answer to the first question, the jury asked the following question: "A person commits the offense of failure to register as a sex offender when he knowingly fails to register *on the date on the form*? *Is that what we are deciding*?" (Emphases in original.) The court responded to both questions with the following answer: "The Court directs the jurors to all of the previous written instructions that have been provided to the jury." The jury found defendant guilty of the charge.

¶ 11    In March 2014, defendant filed a timely posttrial motion and later amended his posttrial motion. On March 30, 2014, the circuit court sentenced defendant to eight years' imprisonment (defendant was subject to Class X sentencing based on his criminal history (see 730 ILCS 5/5-4.5-95(b) (West 2014))). Additionally, the court ordered defendant to pay (1) the $100 Violent Crime Victims Assistance Act fine, (2) the $15 state police operations assessment, (3) the $5 drug court program assessment, and (4) the $30 child advocacy assessment. In a June 10, 2015, written order, the court denied defendant's amended posttrial motion.

¶ 12    On June 16, 2015, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Dec. 11, 2014). Accordingly, this court has jurisdiction under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013).

¶ 13                              II. ANALYSIS
¶ 14                            A. Reasonable Doubt
¶ 15    Defendant first asserts the State failed to prove him guilty beyond a reasonable doubt because it failed to prove he lacked a fixed residence. The State disagrees. After reviewing the statutory scheme and defendant's argument, we find a threshold issue exists of whether the lack of a fixed residence is an element of the crime in this case. That issue presents a question of law, which we review *de novo*. See *People v. Pettis*, 2017 IL App (4th) 151006, ¶ 17.

¶ 16                                    1. *Relevant Statutory Scheme*

¶ 17        Section 10(a) of the Act (730 ILCS 150/10(a) (West 2014)) states, "[a]ny person who is required to register under this Article who violates any of the provisions of this Article *** is guilty of a Class 3 felony." As our supreme court recognized, the statutory scheme established by the Act "leaves something to be desired, in terms of clarity and consistency." *People v. Pearse*, 2017 IL 121072, ¶ 39. Thus, we will carefully examine the statutory provisions related to when a sex offender must register and those addressing where a sex offender lives.

¶ 18        Section 3(a) of the Act (730 ILCS 150/3(a) (West 2014)) contains numerous requirements and begins by requiring sex offenders to register in person and provide accurate information as required by the Department of State Police, including "current address." The sex offender must "provide positive identification and documentation that substantiates proof of residence at the registering address." 730 ILCS 150/3(c)(5) (West 2014). Registration must take place with the designated official in the municipality or county "in which he or she resides or is temporarily domiciled for a period of time for 3 or more days." 730 ILCS 150/3(a)(1), (a)(2) (West 2014). Section 3(a) defines "the place of residence or temporary domicile" as "any and all places where the sex offender resides for an aggregate period of time of 3 or more days during any calendar year." 730 ILCS 150/3(a) (West 2014).

¶ 19        When a sex offender "lacks a fixed residence," section 3(a) of the Act (730 ILCS 150/3(a) (West 2014)) requires the person to "report weekly, in person, with the sheriff's office of the county in which he or she is located in an unincorporated area, or with the chief of police in the municipality in which he or she is located." In such case, "[t]he agency of jurisdiction will document each weekly registration to include all the locations where the person has stayed during the past 7 days." 730 ILCS 150/3(a) (West 2014). The Act defines a "fixed residence" as "any and all places that a sex offender resides for an aggregate period of time of 5 or more days in a calendar year." 730 ILCS 150/2(I) (West 2014).

¶ 20        When circumstances change, section 3(a) of the Act (730 ILCS 150/3(a) (West 2014)) requires the sex offender "who lacks a fixed address or temporary domicile [to] notify, in person, the agency of jurisdiction of his or her last known address within 3 days after ceasing to have a fixed residence." A sex offender must also give notification when he or she is "temporarily absent from his or her current address of registration for 3 or more days." 730 ILCS 150/3(a) (West 2014). Additionally, the Act requires a sex offender to register in person "within 3 days of *** establishing a residence, place of employment, or temporary domicile in any county." 730 ILCS 150/3(b) (West 2014).

¶ 21                                              2. *Merits*

¶ 22        In this case, the State asserted defendant violated the Act because he lacked a fixed residence and failed to report on August 18, 2014, which was a week after his last report. The Act registration form defendant signed on August 11, 2014 (State's exhibit No. 1), listed his "resident address" as "Homeless" and the "Homeless Weekly" box was checked. Defendant contends his reporting his resident address as "homeless" was insufficient to establish beyond a reasonable doubt he "lack[ed] a fixed residence."

¶ 23        Citing the First District's decision in *People v. Wlecke*, 2014 IL App (1st) 112467, ¶ 21, 6 N.E.3d 745, defendant first asserts the lack of a fixed residence is an element of the crime. However, the *Wlecke* case had a very different factual situation than the one before us.

*Wlecke* involved a defendant who had tried to register three days after his release from prison but was turned away because he did not have identification issued by the Secretary of State. The identification card he did have listed the address for the Veterans' Administration Hospital (VA Hospital). *Wlecke*, 2014 IL App (1st) 112467, ¶ 10, 6 N.E.3d 745. The officer who turned the defendant away *never* told him to report weekly until he had satisfactory proof of residence. *Wlecke*, 2014 IL App (1st) 112467, ¶ 10, 6 N.E.3d 745. Six days after he tried to register, the defendant was arrested for failure to register as a sex offender. *Wlecke*, 2014 IL App (1st) 112467, ¶ 11, 6 N.E.3d 745. After his arrest, he told the police he was staying with friends and gave them an address of the home. *Wlecke*, 2014 IL App (1st) 112467, ¶ 12, 6 N.E.3d 745. The State charged, in the alternative, the defendant failed to register in person within three days of establishing a residence or report weekly while lacking a fixed residence. *Wlecke*, 2014 IL App (1st) 112467, ¶ 7, 6 N.E.3d 745. The jury found defendant not guilty of failing to register within three days of establishing a residence or temporary domicile but guilty of failing to report weekly.

¶ 24    The *Wlecke* court reversed defendant's conviction for failure to report weekly. It found the State had to prove beyond a reasonable doubt the defendant lacked a fixed residence, and the State's evidence was insufficient to prove that element. *Wlecke*, 2014 IL App (1st) 112467, ¶¶ 21, 34, 6 N.E.3d 745. In finding the evidence insufficient, the reviewing court noted the record lacked any evidence of the defendant's presence or absence at either of the two addresses he gave the police for an aggregate period of five days during the time period at issue. *Wlecke*, 2014 IL App (1st) 112467, ¶ 21, 6 N.E.3d 745. The reviewing court also found the VA Hospital could constitute a "fixed residence" under the Act. *Wlecke*, 2014 IL App (1st) 112467, ¶ 26, 6 N.E.3d 745. Last, the court noted the defendant's admission he was staying with friends was not an admission he lacked a fixed residence as defined in the Act. *Wlecke*, 2014 IL App (1st) 112467, ¶ 31, 6 N.E.3d 745.

¶ 25    Unlike the defendant in *Wlecke*, who never registered as a sex offender, defendant had registered as a sex offender. Additionally, this case does not involve a change in living circumstances that could warrant a new registration. See *Pearse*, 2017 IL 121072 (addressing whether a defendant had to register when he returned to his fixed residence after having a temporary domicile at a hospital). Here, defendant did not register a fixed residence and thus acquiesced to the weekly reporting requirement, which is the most onerous registration requirement (*Wlecke*, 2014 IL App (1st) 112467, ¶ 38, 6 N.E.3d 745). Defendant signed the form that stated he needed to report back in one week, which was August 18, 2014. Thus, unlike *Wlecke*, no issue exists as to whether the weekly reporting provision of the Act applied to defendant, and "the lack of a fixed residence" is not an element of the crime.

¶ 26    Under the facts of this case, the State did not have to prove defendant lacked a fixed residence. Since the lack of a fixed residence was not a element of the crime in this case, we do not address defendant's insufficiency of the evidence argument, including whether the term "homeless" constitutes lacking a fixed residence under the Act.

¶ 27                                    B. Plain Error

¶ 28    Defendant next asserts the circuit court erred by (1) giving two jury instructions (State's instruction Nos. 12 and 13) that did not include all of the elements of the offense and (2) failing to respond properly to the jurors' questions. Defendant acknowledges he did not raise the issues in the circuit court and requests we review them under the plain error doctrine (Ill.

S. Ct. R. 615(a) (eff. Jan. 1, 1967)). The State asserts defendant has forfeited both arguments under the doctrine of invited error. See *People v. Heller*, 2017 IL App (4th) 140658, ¶ 67, 71 N.E.3d 1113 (where the defendant affirmatively acquiesced to the limiting instruction and thus could not claim on appeal the circuit court erred by giving that instruction). In his reply brief, defendant concedes he cannot raise the claim of error regarding the circuit court's answer to the jury's questions but contends trial counsel did not acquiesce to the challenged jury instructions.

¶ 29    We need not determine if trial counsel acquiesced to the jury instructions at issue. Defendant bases his challenge to the two jury instructions on his claim the lack of a fixed residence is an element of the crime that the State had to prove beyond a reasonable doubt. Thus, he argues the two instructions should have included that the State had to prove defendant lacked a fixed residence and the definition of a fixed residence. However, the lack of a fixed residence establishes the applicability of the weekly reporting requirement of section 3(a) of the Act (730 ILCS 150/3(a) (West 2014)). In this case, the applicability of the weekly reporting provision was not at issue and not an element of the crime because defendant acquiesced to the weekly reporting requirement when he signed his August 11, 2014, registration form. Thus, on the facts of this case, we do not find the circuit court erred by giving the two jury instructions, and thus defendant cannot establish plain error. See *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1059 (2010) (indicating the court does not proceed to consider the two prongs of the plain error analysis if no error is found).

¶ 30                              C. Ineffective Assistance of Counsel

¶ 31    Defendant also contends he received ineffective assistance of trial counsel because counsel failed to ensure the jury was properly instructed on the law applicable to the State's allegations. The State suggests the record is insufficient to address defendant's argument on direct appeal, and if it is adequate, defendant has not established ineffective assistance of counsel. This court analyzes ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999).

¶ 32    To obtain reversal under *Strickland*, a defendant must prove (1) his counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the deficiency prong of *Strickland*, the defendant must demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment (U.S. Const., amend. VI). *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64.

¶ 33    In this case, the record is adequate to address defendant's ineffective assistance of counsel claim. Like his plain error argument, defendant bases his ineffective assistance of counsel claim on his contention the lack of a fixed residence is an element of the crime and must be proved beyond a reasonable doubt by the State. However, we have already found the

lack of a fixed residence was not an element of the crime in this case. Accordingly, we find defendant has not established ineffective assistance of counsel.

¶ 34                                    D. Fines

¶ 35     Additionally, defendant asserts the circuit clerk improperly imposed some of his fines. Specifically, he challenges the $50 court finance assessment and the $10 arrestee's medical costs assessment.

¶ 36     "Although circuit clerks can have statutory authority to impose a fee, they lack authority to impose a fine, because the imposition of a fine is exclusively a judicial act." (Emphases omitted.) *People v. Smith*, 2014 IL App (4th) 121118, ¶ 18, 18 N.E.3d 912. Thus, "any fines imposed by the circuit clerk are void from their inception." *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56, 10 N.E.3d 959. A void judgment can be challenged " 'at any time or in any court, either directly or collaterally.' " *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103, 776 N.E.2d 195, 201 (2002) (quoting *Barnard v. Michael*, 392 Ill. 130, 135, 63 N.E.2d 858, 862 (1945)).

¶ 37     We agree with defendant the following assessments are fines: (1) the $50 court finance assessment (*Smith*, 2014 IL App (4th) 121118, ¶ 54, 18 N.E.3d 912) and (2) the $10 arrestee's medical costs assessment (*Larue*, 2014 IL App (4th) 120595, ¶ 57, 10 N.E.3d 959). The record contains no evidence the circuit court imposed the aforementioned fines. Since the fines were not imposed by the circuit court, they are void and must be vacated.

¶ 38                               E. *Per Diem* Credit

¶ 39     Last, defendant asserts he should also be awarded the $5 *per diem* credit under section 110-14(a) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/110-14(a) (West 2016)) against the $5 drug court assessment, which is listed on the clerk printout as $4.75 for "Drug Court" and $0.25 for "Clerk Op Deduction." Defendant did not raise this issue in the circuit court, but the normal rules of forfeiture do not apply to a defendant's request for the credit. *People v. Woodard*, 175 Ill. 2d 435, 457, 677 N.E.2d 935, 945-46 (1997).

¶ 40     Section 110-14(a) of the Procedure Code provides the following: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine." 725 ILCS 5/110-14(a) (West 2016). The State concedes defendant is entitled to the credit. We agree defendant is entitled to $5 credit against his $5 drug court assessment. See *People v. Sulton*, 395 Ill. App. 3d 186, 193, 916 N.E.2d 642, 648 (2009).

¶ 41                               III. CONCLUSION

¶ 42     For the reasons stated, we (1) vacate the $50 court finance assessment and the $10 arrestee's medical costs assessment, (2) modify the sentencing judgment to include a $5 credit against the $5 drug court assessment, and (3) affirm the Morgan County circuit court's judgment in all other respects. As part of our judgment, we award the State its $75 statutory

assessment against defendant as costs of this appeal.

¶ 43        Affirmed in part as modified and vacated in part.